United States Court of Appeals,

Fifth Circuit.

No. 95-50286.

INTERNATIONAL SOFTWARE SYSTEMS, INC., Plaintiff-Appellant,

v.

AMPLICON, INC., doing business as Amplicon Financial, Defendant-Appellee.

March 7, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before REAVLEY, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

REAVLEY, Circuit Judge:

By what criteria should a federal court, acting under diversity jurisdiction, decide a motion to dismiss on grounds of a forum selection clause? The district court employed the *Bremen*[1] analysis, and we affirm.

International Software Systems, Inc. (ISSI) originally sued Amplicon, Inc. in Texas state court, claiming that certain lease agreements with Amplicon had been fraudulently induced, and seeking damages or in the alternative rescission of the leases. The case was removed to federal court based on diversity jurisdiction. Amplicon filed a motion to dismiss the case on grounds of improper venue, relying on a forum selection clause found in the lease agreements. The clause states that "[t]he lessee agrees that all litigation arising out of this lease or any breach thereof shall be

---

[1] *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

filed and conducted in the California Superior Court for the County of Orange, unless the Lessor or its assignee selects an alternative venue of litigation."

The district court dismissed the case based on this forum selection clause alone, noting that the claims arose out of the written contract and that the forum selection clause is "reasonable and unfortunately necessary in a commercial world where litigation is the norm."

DISCUSSION

Amplicon made no claim of lack of personal jurisdiction. Its only objection to venue in the Texas federal court was based on the forum selection clause.[2] Furthermore, Amplicon did not move, even in the alternative, to transfer the case to another district court. In light of this posture of the case, our analysis centers on two questions. The first is whether a district court may dismiss (as opposed to transfer) a case based solely on a forum selection clause, where personal jurisdiction exists and venue is otherwise proper. Second, if dismissal is allowed in such a case, what test or standards should the court employ in deciding the motion to dismiss.

A. *May the Court Dismiss?*

In *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Court held that in admiralty cases

---

[2]Under 28 U.S.C. § 1391(a) and (c), venue in a diversity suit lies against a corporate defendant in any district where the corporation "resides," and a corporation is deemed to reside in any district in which it is subject to personal jurisdiction.

forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable' under the circumstances," and that courts should enforce such clauses unless the resisting party "could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 9-11, 15, 92 S.Ct. at 1913, 1916. We have applied *Bremen* to transfer motions in nonadmiralty cases. *E.g., Seattle-First Nat'l Bank v. Manges,* 900 F.2d 795, 799 (5th Cir.1990); *In re Fireman's Fund Ins. Cos.,* 588 F.2d 93, 95 (5th Cir.1979). The district court applied the *Bremen* case here.

We see no justification for regarding the scope of 28 U.S.C. § 1406(a)[3] as to dismissal any narrower than § 1404(a)[4] as to transfer. This court has upheld dismissal of a suit as an appropriate means of enforcing a forum selection clause under *Bremen. Zapata Marine Serv. v. O/Y Finnlines, Ltd.,* 571 F.2d 208 (5th Cir.1978). In another admiralty case the Supreme Court implicitly approved of dismissal of a case as a means of enforcing a forum selection clause. In *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), two

---

[3]Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

[4]Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

passengers on a cruise brought a negligence action against the cruise operator. The plaintiffs sued in their home state of Washington. The defendant moved for summary judgment, claiming that the forum selection clause on the cruise tickets required suit to be brought in Florida, and alternatively that the Washington court lacked personal jurisdiction over defendant. *Id.* at 586-88, 111 S.Ct. at 1524. The district court granted summary judgment based on the personal jurisdiction argument. *Id.* The court of appeals reversed, holding that personal jurisdiction existed, and that the forum selection clause should not be enforced. *Id.* at 586-90, 111 S.Ct. at 1524-25. The Supreme Court reversed the court of appeals without reaching the personal jurisdiction issue, in effect reinstating the dismissal of the suit based on the forum selection clause. *Id.* at 588-90, 596-98, 111 S.Ct. at 1525, 1529.

B. *Determining the Dismissal Motion*

We return to the question of whether the *Bremen* test or something different should be applied in a diversity case upon a motion to dismiss. In *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), an action filed in federal court under diversity jurisdiction, the defendant moved to dismiss or transfer venue based on a forum selection clause. The Court held that federal rather than state law governed this issue, and that under federal law the decision whether to *transfer* venue is governed by 28 U.S.C. § 1404(a). *Id.* at 27-29, 108 S.Ct. at 2243. The Court instructed that under this statute the court must make an "individualized, case-by-case consideration of convenience

4

and fairness." *Id.* at 29, 108 S.Ct. at 2244 (citation omitted). It should "weigh in the balance a number of case-specific factors," of which the forum selection clause is "a significant factor that figures centrally in the district court's calculus." *Id.* The court should also consider "the convenience of the witnesses and those public-interest factors of systemic integrity and fairness under the heading of "the interest of justice.' " *Id. Stewart* has been described as a response to "lower courts' overly broad application of *The Bremen* result[ing] in overenforcement of forum-selection clauses." Leandra Lederman, Note, *Viva Zapata!: Toward a Rational System of Forum-Selection Clause Enforcement in Diversity Cases,* 66 N.Y.U.L.REV. 422, 447 (1991).[5]

Although we would prefer to apply the same *Stewart* balancing in diversity cases to motions to dismiss and motions to transfer, the other federal courts have decided otherwise and continue to apply *Bremen* to motions to dismiss based on a forum selection clause. *In Jones v. Weibrecht,* 901 F.2d 17 (2d Cir.1990), the court reasoned that ("[t]here is no basis ... to import the discretionary federal standard of section 1404(a) discussed in *Stewart* to the instant cases. A motion to transfer an action to another federal district pursuant to section 1404(a) calls for an "individualized, case-by-case consideration of convenience and fairness.' The same broad-based balancing is not appropriate where, as here, a party seeks to have an action dismissed or

---

[5]If this explains the Court's different treatment in *Stewart,* we might expect in a proper case for *Bremen* to be modified to match *Stewart.*

remanded to state court, rather than transferred, on the basis of a forum selection clause that purports to preclude litigation from a venue other than a specific state court.") (citations omitted). *Id.* at 19. In *Manetti-Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 512 n. 2 (9th Cir.1988) the court explained that ("[o]ur case involves a motion to dismiss, rather than to transfer venue, and because there is no federal rule directly on point the *Stewart* analysis is inapplicable."). *Id.* at 512 n. 2 The Second and Ninth Circuits hold that *Bremen* applies to such motions to dismiss. *Jones,* 901 F.2d at 18-19; *Manetti-Farrow,* 858 F.2d at 513. The Fourth Circuit has looked to state law to determine the motion to dismiss. *Nutter v. Rents, Inc.,* 1991 WL 193490, at \*\*5-7 (4th Cir. Oct. 1, 1991). The First and Third Circuit have ruled that they need not reach the issue of whether state or federal law should govern the motion to dismiss, since under either *Bremen* or applicable state law the result is the same. *Lambert v. Kysar,* 983 F.2d 1110, 1116-22 (1st Cir.1993); *Instrumentation Assocs., Inc. v. Madsen Elecs. (Canada) Ltd.,* 859 F.2d 4, 6-8 (3d Cir.1988); *Crescent Int'l, Inc. v. Avatar Communities, Inc.,* 857 F.2d 943, 945 (3d Cir.1988). Still other courts have suggested that a motion to dismiss is not an appropriate means of enforcing a forum selection clause, and that instead the motion should be treated as a motion to transfer. *Haskel v. FPR Registry, Inc.,* 862 F.Supp. 909, 915-16 (E.D.N.Y.1994); *National Micrographics Sys., Inc. v. Canon U.S.A., Inc.,* 825 F.Supp. 671, 679 (D.N.J.1993); *Page Constr. Co. v. Perini Constr.,* 712 F.Supp. 9, 10-11 (D.R.I.1989). However, these

6

cases, unlike our own, did not involve a forum selection clause that limited the agreed venue to a state court.

We choose to join the other courts rather than to make a circuit split and further complicate this area of the law.

C. *Arguments For Reversal*

ISSI urges this court to decide venue in its favor and sustain venue in the Western District of Texas, but we reject its arguments. It contends that this case does not really arise out of the contract since it is not suing for breach of contract. We agree with the district court that even though ISSI is not technically suing for breach of contract, the entire controversy centers around which party's interpretation of the contract is the correct one, and whether ISSI was fraudulently induced to enter into the contract.

ISSI then argues that it is a small company with only twenty employees and no business ties to California. This is not a persuasive argument for several reasons. First, despite its size, ISSI appears to be a fairly sophisticated business with experience in negotiating complex government and private contracts. Second, it is disingenuous to argue that ISSI has *no* ties to California, since in this very case it did business with Amplicon, makes payments to Amplicon in California, agreed in writing that the leases shall be governed by California law, and agreed to return the equipment in issue to California upon the termination of the lease, if it chose not to purchase the equipment. Third, while litigation in California may be inconvenient for ISSI, Amplicon

7

points out that it would be equally inconvenient for Amplicon to have to litigate in Texas. Fourth, a forum selection clause was upheld in *Carnival Cruise Lines* even where the plaintiffs were individuals. ISSI's David versus Goliath argument is not persuasive.

ISSI also argues that the forum selection clause here is different from those enforced in other cases, since it applied only to ISSI; Amplicon was not bound to litigate the agreement only in California. We fail to see how this distinction matters. There was still a meeting of the minds that ISSI should have to sue in California.

AFFIRMED.