**L.V. SMILEY, Jr.**

v.

**Janet RENO, et al.**

**No. Civ.A. 00–2474.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Jan. 11, 2001.

LV Smiley, Jr., Jackson, LA, plaintiff pro se.

### ORDER

LITTLE, Chief Judge.

On 17 July 2000, L.V. Smiley, Jr., a prisoner at Feliciana Forensic Facility in Jackson, Louisiana, filed a civil rights complaint in the United States District Court for the Middle District of Louisiana. Magistrate Christine Noland's 26 October 2000 order transferred a portion of this case to us for disposition. We find the transfer was improper and return the case to the Middle District of Louisiana.

### I.

Smiley filed this suit pursuant to 42 U.S.C. § 1983. His primary claim is that the defendants engaged in a conspiracy to prevent him from running for senator, culminating in his wrongful arrest and imprisonment for possession of a bomb. Smiley also asserts related claims. For instance, he believes the defendants, prior and subsequent to his arrest, added false information to his psychiatric records, to insure he would remain incarcerated. The fifteen defendants include federal, state, and local officials and several doctors.[1] The majority of the defendants reside in Winn Parish, which is in the Western District of Louisiana, and most of the events giving rise to Smiley's claims occurred there, but three doctors and a social worker, all employed at Feliciana, which is in the Middle District of Louisiana, are also named.

The 26 October 2000 order sent Smiley's case to us, except as to the four Feliciana defendants, as to whom the Middle District retained jurisdiction.[2] The order cites 28 U.S.C. §§ 1391(b)(1)–(2), 1404(a), and 1406(a). It is unclear whether the transfer was based on a finding (1) that the Middle District was not a proper venue; or (2) that venue was proper, but justice and convenience would be best served if the matter were adjudicated else-

---

1. The defendants are (1) United States Attorney General Janet Reno; (2) Louisiana Attorney General Richard Ieyoub; (3) Winn Parish District Attorney Terry Reeves; (4) Eighth Judicial District Court for Winn Parish Judge Douglass H. Allen; (5) Winn Parish Sheriff James Buddy Jordan; (6) Winn Parish Coroner Dr. Randy Williams; (7) Dr. Paul Ware of the "Sanity Commission" in Shreveport; (8) Dr. Greg Brown of the "Sanity Commission" in Shreveport; (9) Dr. Cane of the Veterans' Affairs Hospital in Overton Brooks; (10) Dr. Delane of Feliciana; (11) Dr. Pennington of Feliciana; (12) Carole Make, a social worker at Feliciana; (13) Jimmy Teat, Smiley's court appointed attorney in Jonesboro; (14) an unnamed doctor at Alexandria Mental Health; and (15) Dr. Ahne at Feliciana.

2. On the same day, the magistrate issued a report and recommendation suggesting the claims against the Feliciana defendants be dismissed as frivolous. No action has been taken on the report and recommendation.

where. In either event, the magistrate erred in considering the Feliciana and non-Feliciana defendants separately.

## II.

■ Venue decisions are made considering all the parties to the action. The United States Code provisions addressing venue and related transfers apply to "a civil action", "civil actions", "a case", "proceedings", or "any civil action", not to a given claim, a single defendant, or a specific group of defendants. *See* 28 U.S.C. §§ 1391–1413. We know of no precedent that allows a court to break the defendants into multiple groups, determine the appropriate venue for each group separately, and transfer only a given portion of the matter. Accordingly, we consider all the parties and events described in the complaint together.

■ The Middle District of Louisiana is a proper venue for Smiley's case. 28 U.S.C. § 1391(b) provides the general rule applicable to federal question cases:

> [A] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

3. Janet Reno may be viewed as a resident of the district in which she performed official duties relevant to the case. *See Holloway v.. Gunnell*, 685 F.2d 150, 152 & nn. 3–4 (5th Cir.1982); *Marmol v. Adkins*, 655 F.2d 594, 595–96 (5th Cir.1981).

4. Partial transfer is possible when there is an independent reason to sever claims or defendants, and when transfer is generally proper

Sections 1391(b)(1) and 1391(b)(2) suggest that both the Middle and Western Districts are proper venues for this case. A substantial part of the events giving rise to Smiley's claims occurred in each district, and the defendants reside in both districts.[3] The alleged conspiracy originated in Winn Parish, but actions in furtherance of it occurred in Jackson and elsewhere. The fact that Smiley could have filed in the Western District does not mean that he did not properly file in the Middle District, as both venues are appropriate.

■ Section 1404(a) does not require the transfer of this case. The relevant portion reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This inquiry turns on the specific facts of the case and is discretionary. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114–15 (5th Cir.1996). The plaintiff's choice of forum, however, is to be respected, particularly when he resides there. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1435 (5th Cir.1989); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

■ The Western District may be a more convenient location for the majority of the defendants, should the case progress to the point where the geographic distance becomes relevant. Smiley, however, chose to file this case in the Middle District, where he is imprisoned. More notably, section 1404 does not allow a partial transfer except in special circumstances not present here,[4] and therefore, the transfer of this case was improper.

but one defendant cannot be tried in the new forum at all. Severance and transfer is not appropriate unless its benefits outweigh its costs in terms of efficiency. When claims are directly related, so that the procedure causes the same questions to be litigated twice, the original case should be kept intact. *See Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618–19 (2d Cir.1968); *Sunbelt Corp. v. Noble,*

Section 1406 applies in instances in which a case initially is filed in a district court which is not a proper venue. *See Holloway v. Gunnell,* 685 F.2d 150, 152 & n. 4 (5th Cir.1982). Section 1406 is inapplicable to the current case, as the Middle District of Louisiana is a proper venue.

### III.

The relevant venue and transfer provisions do not support the 26 October 2000 order transferring a portion of Smiley's civil rights case to us. Accordingly, it is ordered this case be transferred to the Middle District of Louisiana for further proceedings.

*Denton & Assocs., Inc.,* 5 F.3d 28, 33–34 (3d Cir.1993). The defendants in this case are subject to suit in both the Middle and Western Districts, and the claims are interrelated.