IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-31120

Summary Calendar
_____

HARTASH CONSTRUCTION, INC

                                    Plaintiff - Appellant

        v.

DRURY INNS INC

                                    Defendant - Appellee

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1555
_____
March 23, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Hartash Construction, Inc. appeals from

the district court's grant of Defendant-Appellee Drury Inns,

Inc.'s motion to dismiss.  Because we find that the district

court properly enforced the forum-selection clause provided in

the parties' contract, we AFFIRM.

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2000, Hartash Construction, Inc. ("Hartash") sued Drury Inns, Inc. ("Drury") in a Louisiana state court to recover damages allegedly due for breach of a construction contract. Under the contract, Hartash, as a subcontractor, agreed to install walls and sheetrock in a renovation project at the Drury Inns New Orleans.

Pursuant to 28 U.S.C. § 1441, Drury removed the suit to federal court on diversity grounds. Then, on June 15, 2000, Drury moved to dismiss the case for improper venue, relying on a forum-selection clause contained within the contract. The clause provided that any litigation arising from the contract would be maintained only in the St. Louis County Circuit Court in St. Louis, Missouri.[2] On August 15, 2000, the district court concluded that the facts of the case "do not support a finding that the forum selection clause is unreasonable" and dismissed Hartash's claims without prejudice.

Hartash timely appealed.

---

[2] Specifically, section XXIII of the contract provided:

> **JURISDICTION AND VENUE**. In case of any dispute between Owner or Sub-Contractor arising out of, or relating to this Agreement, the parties agree that any litigation or proceeding relating thereto shall be maintained only in the St. Louis County Circuit Court in St. Louis, Missouri. Sub-Contractor consents to the jurisdiction and venue of said court.

## II. STANDARD OF REVIEW

Because it is a question of law, this court reviews de novo the enforceability of a forum-selection clause.  See Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998), cert. denied, 525 U.S. 1141 (1999); Haynsworth v. The Corp., 121 F.3d 956, 961 (5th Cir. 1997).

## III. THE ENFORCEABILITY OF THE FORUM-SELECTION CLAUSE

"A forum selection provision in a written contract is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable."  Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995); see also The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Int'l Software Sys., Inc. v. Amplicon, Inc., 77 F.3d 112, 114 (5th Cir. 1996).[3]  The party opposing the forum-selection clause bears a heavy burden and must demonstrate the following by a clear showing:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3)

---

[3]  This circuit applies the "unreasonable" test, which was articulated in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), to decide whether a forum-selection clause is enforceable.  See Int'l Software Sys., Inc., 77 F.3d at 114. While Bremen was an admiralty case, this court has concluded that its holding also applies in other legal contexts.  See Haynsworth v. The Corp., 121 F.3d 956, 962 (5th Cir. 1997); Int'l Software Sys., Inc., 77 F.3d at 114.

the fundamental unfairness of the chosen law will
deprive the plaintiff of a remedy; or (4) enforcement
of the forum selection clause would contravene a strong
public policy of the forum state.

Haynsworth v. The Corp., 121 F.3d 956, 963 (5th Cir. 1997)

(citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595

(1991), and The Bremen, 407 U.S. at 12-13); see also Afram

Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998)

(stating that the clause itself must "result[] from fraud or

overreaching, . . . violate[] a strong public policy, or . . .

deprive[] the plaintiff of his day in court."), cert. denied, 525

U.S. 1141 (1999); Mitsui & Co. v. Mira M/V, 111 F.3d 33, 35 (5th

Cir. 1997).

Hartash argues first that if this court upholds the forum-

selection clause, it would contravene "Louisiana public policy to

regulate property and actions within its borders," and it would

allow a foreign contractor to operate in Louisiana, but choose to

resolve its disputes in another jurisdiction.  Hartash fails,

however, to cite any Louisiana case law to demonstrate that this

is a "strong" public policy.[4]

We note, however, that Louisiana courts have adopted the

rule in Bremen, even in cases arising entirely under state law.

---

[4]   Rather, Hartash asserts that this public policy is
demonstrated by the facts that Drury was obligated to comply with
Louisiana building restrictions and codes when constructing in
Louisiana, that Louisiana law governs the payment of contractors
and materialmen in Louisiana, and that Hartash was permitted to
file a Statement of Lien and Privilege pursuant to Louisiana law.

4

See, e.g., Pitts, Inc. v. Ark-La Resources, L.P., 30867, pp.3-4 (La. App. 2 Cir. 8/19/98), 717 So. 2d 268, 270 ("With Pitts thus presenting insufficient proof to invalidate the forum selection clause, we find the agreement to be a voluntarily bargained-for arrangement between two contracting parties which effectively selects Mississippi as the dispute resolution forum."); Digital Enters., Inc. v. Arch Telecom, Inc., 95-30, p.2 (La. App. 5 Cir. 6/28/95), 658 So. 2d 20, 21 (enforcing forum-selection clause providing for venue in Texas, where contract did not result from fraud or violate fundamental fairness). Accordingly, we agree with the district court that the facts in this case are not sufficient to demonstrate that enforcing the forum-selection clause would violate a strong Louisiana public policy, and Hartash offers no jurisprudential support to suggest otherwise.

Next, Hartash contends that the forum-selection clause is fundamentally unfair and is also a product of overreaching. Hartash argues that the Bremen decision provides that a forum-selection clause is fundamentally unfair if there is serious inconvenience of the contractual forum to one or both of the parties to resolve their essentially local disputes in a "remote alien forum." Hartash asserts that because the witnesses and relevant evidence remain in Louisiana, its ability to present its case in Missouri would be "greatly impair[ed]." Moreover, Hartash argues in support of its argument of overreaching that

5

the contract is "one-sided," and "[v]irtually every [contract] provision is for the benefit of Drury."

Again, we agree with the district court that, under the facts of this case, the inconvenience of trying a case in one state versus another is insufficient to invalidate a forum-selection clause. Missouri is not the "remote alien forum" discussed in Bremen. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594 (1991) (stating that the court of appeals "did not place in proper context this Court's statement in [Bremen]" and finding that a different state is not the "remote alien forum" contemplated in Bremen). In Bremen, the Supreme Court considered the inconvenience of the forum in the context of two sophisticated companies and concluded that had the agreement been between "two Americans to resolve their essentially local disputes in a remote alien forum," i.e., out of the United States, "[t]he remoteness of the forum might suggest that the agreement was an adhesive one[.]" The Bremen, 407 U.S. at 16. Contrary to Hartash's assertion, the Supreme Court, since Bremen, has found that requiring a citizen of one state to travel to another state may cause inconvenience, but does not automatically render a forum-selection clause fundamentally unfair. See Carnival Cruise Lines, Inc., 499 U.S. at 595 (concluding that forum-selection clause, which required a Washington state resident to bring suit in Florida, was not fundamentally unfair). Furthermore, if at the time of contracting, the parties were

6

aware of the inconvenience of the chosen forum, that inconvenience will not render the forum-selection clause unenforceable. See The Bremen, 407 U.S. at 16. Hartash has not argued that it was unaware of the clause at the time it contracted with Drury. The clause itself was not hidden within the language of the contract. Indeed, the contract was relatively short, and the forum-selection clause was partially in bold print and underlined.

Moreover, Hartash has not provided this court with any evidence to suggest that the forum-selection clause was a product of overreaching. In the first instance, this case concerns two sophisticated parties negotiating a $1.26 million contract at arms length. See, e.g., Mitsui & Co., 111 F.3d at 36-37; Int'l Software Sys., Inc., 77 F.3d at 116 ("[D]espite its size, ISSI appears to be a fairly sophisticated business with experience in negotiating complex governmental and private contracts."). In addition, when a party is asserting fraud or overreaching, that party must demonstrate that the forum-selection provision itself, not the entire contract, is a product of overreaching. See Haynsworth, 121 F.3d at 963 ("Fraud and overreaching must be specific to a forum selection clause in order to invalidate it."). As such, Hartash's conclusory assertion that the contract as a whole is one sided does not satisfy its burden. Accordingly, we conclude that the simple fact that the chosen forum may be less convenient for Hartash does not render the

7

forum-selection clause fundamentally unfair and that there is no evidence in the record to demonstrate that the forum-selection clause was a product of overreaching.

Finally, Hartash asserts that litigating the case in Missouri will be gravely difficult and inconvenient, such that Hartash will be "deprived of its day in court." Hartash raises essentially the same arguments as those regarding fundamental fairness, and we reject them on the same grounds.

In sum, Hartash has not adduced sufficient evidence to overcome the presumption of validity that this circuit and the Supreme Court have placed on forum-selection clauses. At best, Hartash has demonstrated that Missouri will be a less convenient forum than Louisiana. As we have explained, however, such inconvenience will not render a forum-selection clause unenforceable, especially when it is contained within a contract negotiated by two sophisticated parties.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court, dismissing Hartash's claims without prejudice, is AFFIRMED.