**Preston LEDOUX and Wife, Deborah LeDoux Plaintiffs**

**v.**

**ISLE OF CAPRI CASINOS, INC. and Isle of Capri Casino–Lake Charles, Defendants**

**Civil Action No. 101–CV–476.**

United States District Court, E.D. Texas, Beaumont Division.

May 10, 2002.

Charles Keith Kebodeaux, Beaumont, TX, for plaintiffs.

Stanley T. Proctor, John L. Schouest, Phelps Dunbar, Houston, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) [Dkt. # 11], and the court having reviewed the motion and responses on file and having heard oral arguments on this matter is of the opinion that the motion be DENIED.

This case arises out of an incident that occurred on the defendants' riverboat casino in Lake Charles, LA, where Mr. LeDoux allegedly suffered injuries at the hands of the defendants' employees when they responded to a drunk and disorderly patron's outbursts. Preston LeDoux and his wife, Deborah (collectively "LeDoux"), are residents of Orange, TX, and have brought this negligence action against the Isle of Capri Casinos, Inc., Isle of Capri–Lake Charles, and the Grand Palais Riverboat, Inc. (collectively "Isle of Capri"). Deborah LeDoux has also brought a loss of consortium claim against the Isle of Capri. LeDoux originally filed suit in the 128th Judicial District Court, Orange County, Texas, and the Isle of Capri removed the case to federal court.

■ According to *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the goal of 28 U.S.C. § 1404 "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Id.* at 616, 84 S.Ct. 805. The decision to transfer venue under § 1404(a) is within the trial court's sound discretion. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988).

■ "In determining whether an action should be transferred under § 1404(a), the court examines factors which fall into two groups: (1) those relating to the convenience of the litigants, and (2) those relating to the public interest in the fair and efficient administration of justice." *In re Triton Ltd. Securities Litig.*, 70 F.Supp.2d 678, 688 (E.D.Tex.1999) (citing *International Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir.1996); *Walter Fuller Aircraft Sales v. Repub. of Philippines*, 965 F.2d 1375, 1389 (5th Cir. 1992)).

■ Convenience of the litigants factors include: (1) the plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong;

(4) the location of counsel; (5) the cost of obtaining the attendance of witnesses; (6) the accessibility and location of sources of proof; and (7) the possibility of delay and prejudice if transfer is granted. *Robertson v. Kiamichi Railroad Co., L.L.C.*, 42 F.Supp.2d 651, 655 (E.D.Tex.1999).

■ Public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

■ The moving litigant seeking transfer bears the burden of demonstrating that a transfer of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966); *see also Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1165 (S.D.Tex.1994) (stating that the litigant must demonstrate that the balance of factors substantially weighs in favor of transfer). In placing the burden on the moving litigant, courts have stated that the plaintiff's choice of forum should not be disturbed, unless the balance of factors strongly favors the defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.1989); *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 771–74 (E.D.Tex.2000).

Thus, it is clear that the Isle of Capri has the burden of demonstrating that the above mentioned factors weigh in its favor, for this court to order the case transferred from Beaumont and the Eastern District of Texas to Lake Charles and the Western District of Louisiana, which lies approximately fifty-five miles east down Interstate–10.

## A. The Convenience of Litigants Factors

### 1. Plaintiff's Choice of Forum

As stated above, the plaintiff's choice of forum is given a great deal of deference in § 1404(a) analysis. Here, LeDoux chose to bring suit within the Eastern District of Texas, the federal district in which the plaintiffs live. This factor weighs in favor of the plaintiffs.

### 2. The Convenience of the Parties and Witnesses

■ "Typically, the most important of the above factors is whether substantial inconvenience will be visited upon key witnesses should the court deny transfer." *Mohamed*, 90 F.Supp.2d at 774. As between party and non-party witnesses, the court is more concerned about the convenience of the forums to non-party witnesses. *Id.* The majority of non-party witnesses reside in either Beaumont, TX or Lake Charles, LA. If the trial is held in Beaumont, some of the witnesses will be a little less inconvenienced than others. If the trial is held in Lake Charles, the situation will be reversed. In either scenario, the court does not find that having to travel from Lake Charles to Beaumont or vice versa is a substantial inconvenience for anyone. The two cities are located less than an hour apart and are connected by Interstate–10. Party or non-party-we are talking about some people having to drive about an hour and some a little less. This factor does not favor either party.

### 3. The Place of the Alleged Wrong

The alleged wrong took place in Lake Charles, Louisiana, and thus, this factor weighs in favor of the Isle of Capri.

#### 4. The Location of Counsel

LeDoux's counsel is from Beaumont. The Isle of Capri's counsel is from Houston. A trial in Lake Charles would be less convenient for both side's attorneys. This factor weighs in favor of the plaintiffs.

#### 5. The Cost of Obtaining the Attendance of Witnesses

The difference in cost between making witnesses attend trial in Beaumont or in Lake Charles is negligible. Again, for the most part we are talking about making some people have to drive about an hour to get to Beaumont. This factor does not favor either party.

#### 6. The Accessability and Location of Sources of Proof

The nature of this case does not lend itself to be document intensive. In fact, at oral arguments, LeDoux's counsel intimated that he has already received all the documents he will likely need to litigate this case. Regardless, Isle of Capri will need to transport any documents needed for trial somewhere-either to the Lake Charles federal courthouse or to the Beaumont federal courthouse. The difference in inconvenience from having to transport documents to one, rather than the other, is negligible.

Additionally, while the court is likely not going to visit the scene of the alleged tort during the trial, if it became necessary to do so, the logistics of moving the jury, court personnel, and parties to the scene from Beaumont would not be significantly more difficult than doing so from the Lake Charles federal courthouse. It would simply be about an hour more driving each way.

This factor is somewhere between neutral and slightly favoring the Isle of Capri.

#### 7. The Possibility of Delay and Prejudice if Transfer is Granted

This factor can only be neutral or in favor of the plaintiffs. Because it is early in litigation, the court will conclude that LeDoux will not be prejudiced by transfer. Thus, this factor is neutral.

### B. Public Interest Factors

#### 1. The Administrative Difficulties Caused by Court Congestion

Although neither party addressed this issue, this is a relatively simple case that should not require a lengthy trial. While this court maintains a full docket, this case will not overly burden its docket. This factor slightly favors the Isle of Capri.

#### 2. The Local Interest in Adjudicating Local Disputes

Because the alleged wrong took place in Lake Charles, the people of the Western District of Louisiana certainly have an interest in adjudicating this dispute. At the same time, though, the court notes that the Isle of Capri advertises quite heavily in the Eastern District of Texas. This advertising is not surprising considering the close proximity of most of the Eastern District of Texas to the Isle of Capri. Surely, the defendants hope people living in the Eastern District of Texas will regularly visit their casino in Lake Charles. LeDoux, who is from Orange, TX, lives only about thirty miles from the Isle of Capri and the court would not be shocked to learn that people who live in the Eastern District of Texas work in the Western District of Louisiana, including at the Isle of Capri itself. As such, the people of the Eastern District of Texas also have an interest in adjudicating this dispute. This factor does not favor either party.

*3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty*

As stated above, the court finds that the Eastern District of Texas is not unrelated to this wrong, and as such, the court does not find it unfair to burden citizens of this district with jury duty in this case. This factor does not favor either party.

*4. The Avoidance of Unnecessary Problems in Conflict of Laws*

At oral arguments, the parties agreed that this case will either be governed by admiralty law or by the laws of the State of Louisiana. The court has asked the parties to brief this issue more fully. If admiralty law applies, this court is as well situated as a district court in the Western District of Louisiana to apply admiralty law. If Louisiana law applies, the nature of this case is such that this court should have no difficulty in interpreting the laws of Louisiana that will govern. This factor slightly favors the Isle of Capri.

### C. Conclusion

After considering the § 1404(a) factors, this court concludes that the Isle of Capri has not met its burden of demonstrating that a transfer of venue is warranted. In reviewing these factors, the court has emphasized that Lake Charles is only about fifty-five miles east of Beaumont, and as such, that neither party would be substantially less convenienced by having the trial in Beaumont rather than in Lake Charles. This emphasis, however, does not mean that in no situation should a case be transferred from the Eastern District of Texas, Beaumont Division to the Western District of Louisiana, Lake Charles Division, but only that, under the facts and circumstances of this case, that transfer is not warranted. It is, therefore,

ORDERED, that Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) is hereby DENIED.