**Ronald PUGH, Plaintiff,**

v.

**ARROW ELECTRONICS, INC., Defendant.**

**No. CIV.A.3:03–CV–636–P.**

United States District Court,
N.D. Texas,
Dallas Division.

July 21, 2003.

Robert Goodman Jr., for plaintiff.

Barry S. Hersh, for defendant.

## *ORDER*

SOLIS, District Judge.

Now before the Court is Defendant's Motion to Dismiss for Improper Venue filed April 21, 2003, seeking dismissal pursuant to Fed.R.Civ.P. Rule 12(b)(3) and 28 U.S.C. § 1406(a).[1] Plaintiff filed a response May 14, 2003, arguing that venue was proper or, alternatively, seeking a transfer under 28 U.S.C. § 1406(a). Defendant replied June 13, 2003. After full consideration of the parties' briefing and the applicable law, for the reasons discussed herein, the Court hereby DENIES Defendant's Motion to Dismiss and GRANTS Plaintiff's Motion for Transfer to the Eastern District of New York pursuant to the authority of 28 U.S.C. § 1406(a).

---

1. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## BACKGROUND

Plaintiff filed his original petition against Defendant on March 28, 2003 in the United States District Court for the Northern District of Texas, Dallas Division. In the original petition, Plaintiff alleged breach of contract.

Plaintiff was employed by Defendant (or a corporate predecessor) between September 8, 1980 and November 15, 2002. Compl. at 1. On April 1, 2002, the parties entered into a written agreement that set forth the terms and conditions of Plaintiff's employment. Def. Mot. Dismiss App. at 3. In pertinent part, the employment agreement specified that the employment term would start on April 1, 2002, and end on May 31, 2003. *Id.* It also permitted Defendant to discharge Plaintiff "for cause" before the agreement's expiration. *Id.* On October 23, 2002, Defendant gave Plaintiff notice of termination as of November 15, 2002, allegedly claiming that there was cause to terminate him based on his failure to obtain approval for certain actions pertaining to the compensation of his subordinates in the third quarter of 2002. Compl. at 2. Plaintiff claims that this is not a valid cause for termination under the agreement. *Id.* at 3–4. Having failed to settle the issue in negotiations with Defendant, Plaintiff brought the instant action for breach of contract. *Id.* at 2–3.

Defendant has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(3) and 28 U.S.C. § 1406(a), arguing that the employment agreement contains an enforceable forum-selection clause which makes this Court an improper venue. In response, Plaintiff argues that this is a proper venue because the clause is unenforceable or, alternatively, moves the Court to transfer the case to the Eastern District of New York pursuant to the discretion granted it in 28 U.S.C. § 1406(a).

## DISCUSSION

I. Defendant's Contention That This Court is an Improper Venue

██ Defendant moves for dismissal pursuant to Fed.R.Civ.P. Rule 12(b)(3) and 28 U.S.C. § 1406(a). 28 U.S.C. § 1406(a) provides that a case filed in the wrong division or district shall be dismissed, unless the court determines it would be in the interest of justice to transfer the case to any district or division in which venue is proper and the case could have been brought. 28 U.S.C. § 1406(a); *see also Int'l Software Sys. v. Amplicon,* 77 F.3d 112, 115 (5th Cir.1996). Defendant argues that this case was filed in an improper venue because the contract contained a forum-selection clause which specified that any litigation would be brought in another forum. On April 1, 2002, Plaintiff and Defendant entered into an employment agreement, section fourteen of which stated in part:

> This agreement is made in, governed by, and is to be construed and enforced in accordance with the internal laws of the State of New York, without giving effect to principles of conflicts of law. You agree that any legal action or proceeding brought under or in connection with this agreement or your employment will be initiated and maintained only in a state or federal court serving Suffolk County, New York.

Def.'s Mot. Dismiss App. at 4. Because this Court does not serve Suffolk County, New York, Defendant argues that it is an improper venue for this lawsuit and, as such, that this case should be dismissed.

II. Enforcement of the Forum–Selection Clause

A. *Prima Facie* Validity

██ Given the existence of a forum-selection clause, the Court must first ad-

dress how much deference should be given to it.[2] In a diversity action, federal law determines the enforceability of a forum-selection clause. *See Haynsworth v. Corporation*, 121 F.3d 956, 962 (5th Cir.1997); *Int'l Software Sys.*, 77 F.3d at 114–15. The amount of deference given to a forum-selection clause depends on whether the movant has requested dismissal under 28 U.S.C. § 1406(a) or transfer under 28 U.S.C. § 1404(a). *See Int'l Software Sys.*, 77 F.3d at 115; *BeautiControl, Inc. v. Burditt*, No. 3:01–CV–0744–M, 2001 WL 1149360 at *2 (N.D.Tex. Sept.26, 2001) (Lynn, J.). In the context of a motion to dismiss under 28 U.S.C. § 1406(a), the Fifth Circuit has held that such clauses are "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Int'l Software Sys.*, 77 F.3d at 114–15 (quoting *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)); *see also Haynsworth*, 121 F.3d at 962 ("In *International Software Sys.*, we held that *Bremen*'s rules extend to dismissal determinations based on forum-selection clauses in diversity cases, a holding that governs the case at bar." (citation omitted)); *First Nat'l of N. Am., LLC v. Peavy*, No. 3:02–CV–0033–BD (R), 2002 WL 449582, at *2 (N.D.Tex. Mar.21, 2002) (Kaplan, Mag. J.); *Wards Packaging, Inc. v. Schiffman*, No. 4:02–CV–518–A, 2002 WL 31086077, at *2 (N.D.Tex. Sept.13, 2002) (McBryde, J.).

In the context of a motion to transfer under 28 U.S.C. § 1404(a), courts in the Fifth Circuit use a balancing test based on the Supreme Court's decision in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). *Int'l Software Sys.*, 77 F.3d at 114–15; *see also BeautiControl*, 2001 WL 1149360 at *5–6. Under this balancing test, the existence of a forum-selection clause is "a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Other factors also weigh into the calculation, including convenience for the witnesses and public-interest factors of systemic integrity and fairness. *Int'l Software Sys.*, 77 F.3d at 115.

■ In the instant case, Defendant has filed a motion to dismiss pursuant to 28 U.S.C. § 1406(a). As such, under the law of the Fifth Circuit, the enforceability of the forum-selection clause is to be assessed under the *Bremen* standard. This standard specifies that the clause is to be viewed as *prima facie* valid and enforceable unless Plaintiff can show that its enforcement would be unreasonable under the circumstances.[3]

**B. Reasonableness Under the Circumstances**

■ Having determined that the forum-selection clause is *prima facie* valid in

2. The parties do not raise the issue of whether the forum-selection clause is mandatory or optional, but rather both treat the clause as mandatory. The Court assumes that this is due to the presence of the exclusive language stating that the suit "will be initiated and maintained only" in a court serving Suffolk County, New York. *See In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 94 (5th Cir.1979); *see also First Nat'l of N. Am., LLC v. Peavy*, No. 3:02–CV–0033–BD (R), 2002 WL 449582, at *2 (N.D.Tex. Mar.21, 2002) (Kaplan, Mag. J.)

(stating that the language "all claims shall be litigated only in" is a clear indicator that the forum specified is mandatory). As such, the Court proceeds as though the clause is mandatory without examining the issue in detail.

3. Plaintiff urges the Court to adopt the *Stewart* balancing test in the context of a motion to dismiss pursuant to 28 U.S.C. § 1406(a). Because the Court finds the clear weight of authority adopting the *Bremen* approach in this context, it rejects this invitation.

the context of this motion to dismiss, the Court now proceeds to examine whether its enforcement would be unreasonable under these circumstances. *Int'l Software Sys.*, 77 F.3d at 114–15. Enforcement of a forum-selection clause may be unreasonable where:

(1) [T]he incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of a forum selection clause would contravene strong public policy of the forum state.

*Haynsworth*, 121 F.3d at 963 (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)). As noted above, the party arguing against enforcement of the forum-selection clause bears a "heavy burden" to prove that its enforcement is unreasonable. *Bremen*, 407 U.S. at 10, 92 S.Ct. 1907.

In the instant case, Plaintiff offers two main arguments against enforcement of the forum-selection clause. Plaintiff claims that the clause was not bargained for, and that litigating in New York would be both inconvenient and more expensive.

■ The Court will first address Plaintiff's claim that the clause was not the result of a legitimate bargain. It is important to note that the fact that a forum-selection clause was not bargained for does not mean that it is unreasonable per se. *See Carnival Cruise Lines*, 499 U.S. at 593–94, 111 S.Ct. 1522; *Kevlin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir.1995) (holding that *The Bremen*'s presumption of enforceability applies to forum-selection clauses in form contracts). Even in adhesion contracts, forum-selection clauses may be enforceable so long as they are not unreasonable or unfair. *See Carnival Cruise Lines*, 499 U.S. at 593–94, 111 S.Ct. 1522. The validity of a forum-selection clause in an adhesion contract also depends upon whether the clause was reasonably communicated to the plaintiff. *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir.1995).

■ In the case at bar, the Court is unconvinced that the agreement was an adhesion contract. Plaintiff claims that the employment selection clause was "in the nature of a contract of adhesion." Pl.'s Resp. at 3. He claims that the form of each employment contract was dictated by Defendant and that it was not negotiable. Compl. at 1–2; Pugh Aff. at 2. He further claims that when he asked about the consequences of not signing it he was told that "any employee refusing to sign would no longer work for Defendant." Pugh Aff. at 2. Other facts, however, suggest that there is an absence of the grave difference in bargaining power typically present where an agreement is found to be an adhesion contact. Defendant claims that Plaintiff held the position of Vice President with the company. Def.'s Reply at 9. Based on his Complaint, Plaintiff had over twenty years of experience with the company or its corporate predecessor, and was well compensated for his work.[4] Compl. a: 1–

---

4. Plaintiff claims that the Defendant owes him the following amounts as a result of its failure to comply with the employment agreement during the six-month period starting November 15, 2002, and ending May 31, 2002: $131,625 in salary compensation, $2,925 in car allowance compensation, and no less than $65,000 in incentive compensation. Plaintiff further contends that he is owed at least $32,180 in benefits during that period. Pl. Compl. at 2–3.

3. At the time the agreement was entered into, Plaintiff was an experienced businessman who was capable of making a valid agreement. Given these facts, the Court is unconvinced there was insufficient consent to create a valid bargain. As such, the Court finds that the employment agreement was not "in the nature of an adhesion contract" and that the forum-selection clause was the product of a legitimate bargain.

Even if the Court were to find that the agreement was an adhesion contract, it would still find that the forum-selection clause is enforceable because it is not unreasonable or unfair, and its existence was reasonably communicated to Plaintiff. In *Carnival Cruise Lines v. Shute,* the Supreme Court specified several reasons why it may be reasonable for a company to include a forum-selection clause in a form contract: the desire to limit the fora in which it may be subject to suit, the salutary effects of dispelling confusion about where suits must be brought and defended, and the existence of benefits passed on to third parties as a result of the savings generated by limiting the fora in which it may be sued. *Carnival Cruise Lines, Inc.,* 499 U.S. at 593–94, 111 S.Ct. 1522. Defendant asserts that it is reasonable to include such a clause in its form employment agreement because it wants to limit the fora in which it may be subject to suit. Def. Reply at 7–8. Defendant's headquarters is in New York, but it operates throughout the United States. *Id.* at 7. Without a forum-selection clause, it could potentially face litigation in many different fora, including, for example, Arizona, California, Colorado, North Carolina, and Texas. *Id.* at 7–8. Given this possibility, the Court finds that it is reasonable for Defendant to include such a clause in its form employment agreement.

In addition, the existence of the clause was reasonably communicated to Plaintiff.

There was nothing deceptive or improper about its placement or sizing. The forum-selection clause is located just above the signature block and printed in the same suitable font size as the other sections of the agreement. As an experienced businessman, Plaintiff should have read the agreement and known that, upon signing it, he would be bound by the promises contained within, including the promise to bring claims in the specified forum.

Having determined that the contract was not an adhesion contract and that the forum-selection clause was bargained for, we proceed to examine Plaintiff's second argument, where it is argued that the enforcement of the clause would be unreasonable due to the additional costs and inconveniences Plaintiff would face litigating in New York. As noted above, if additional costs or inconveniences are to present a barrier to enforcement of a forum-selection clause, they must be so grave that they create a situation where the plaintiff "will for all practical purposes be deprived of his day in court." *Haynsworth,* 121 F.3d at 963 (quoting *Carnival Cruise Lines,* 499 U.S. at 595, 111 S.Ct. 1522).

Plaintiff claims that he will be inconvenienced by the necessity of traveling from Dallas to New York to attend the proceedings and trial. The Court notes, however, that the requirement to travel to another forum does not prevent the enforcement of a forum-selection clause. *Carron v. Holland,* 51 F.Supp.2d 322, 326 (E.D.N.Y. 1999).

Plaintiff also claims that he will face increased costs in the form of the cost of retaining local or substitute counsel, the cost of refiling, the cost of obtaining the attendance of witnesses, most of whom are located in Colorado or California, and the generally higher costs of doing business in New York. The cost of refiling is not appli-

cable due to the Court's decision in section three below to transfer the case rather than dismiss it. Furthermore, Plaintiff has failed to present convincing evidence suggesting that the other costs are so grave or unfair that they will deprive him of his day in court.

In sum, having examined the forum-selection clause under the standard specified in *The Bremen* and found it valid and reasonable under the circumstances, the Court finds that the forum-selection clause in the employment agreement between Plaintiff and Defendant is enforceable. As such, the United States District Court for the Northern District of Texas, Dallas Division, is an improper venue because it does not serve Suffolk County, New York, as required by section fourteen of the employment agreement.

### III. Transfer as the Appropriate Enforcement Mechanism

Given that the forum-selection clause is enforceable and that this action was brought in an improper venue, the Court now proceeds to examine the applicable enforcement mechanism under 28 U.S.C. § 1406(a). Section 1406(a) offers two enforcement mechanisms, dismissal or transfer in the interest of justice, both of which are implicated in the motions before the Court. Defendant moves the Court to dismiss the case pursuant to the authority granted in § 1406(a). Plaintiff moves the Court to transfer to the United States District Court for the Eastern District of New York pursuant to the discretion granted in the same section.

As noted above, when a case is filed in an improper venue it should be dismissed unless it is in the interests of justice to transfer the case to another proper venue. 28 U.S.C. § 1406(a). The decision whether to transfer is in the court's discretion. *Bonded Inspections, Inc. v. Northrop Grumman Corp.*, No. 3:98–CV–0214D, 1998 WL 185518, at *2 (N.D.Tex. Apr.10, 1998) (Fitzwater, J.); *see also Padel v. Carnival Corp.*, No. CIV.A. 97–1936, 1997 WL 732424, at *2 (E.D.La. Nov.24, 1997). When a forum-selection clause is found reasonable and, as a result, venue is determined to be improper, transfer is generally preferred over dismissal. *Minnette v. Time Warner*, 997 F.2d 1023, 1026–27 (2d Cir.1993); *Long v. Dart Int'l, Inc.*, 173 F.Supp.2d 774, 777 (W.D.Tenn.2001); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827 (2d ed. 1986 & Supp.2003).

In the case at bar, Plaintiff requests transfer to the Eastern District of New York, claiming that dismissal serves no purpose but to increase his costs. An action may be transferred to a district only if it could have originally been brought there. 28 U.S.C. § 1406(a). This statute has been interpreted to require that the transferee court have subject-matter jurisdiction, that it be a proper venue, and that the defendant be subject to personal jurisdiction and service there. *Id.; see also Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1104 n. 5 (5th Cir.1981) (transferee court must possess subject-matter jurisdiction and also be a proper venue); *Yurman Designs, Inc. v. A.R. Morris Jewelers*, 60 F.Supp.2d 241 (S.D.N.Y.1999) (transferee court must have personal jurisdiction over defendant). Because the Eastern District of New York meets these requirements, the action in this case could have originally been brought there.

Given these considerations and the general preference for enforcing valid forum-selection clauses by transferring the case rather than dismissing it, the Court denies Defendant's Motion to Dismiss and holds that Plaintiff's Motion for Transfer to the Eastern District of New York should be granted in the interests of justice.

## CONCLUSION

For the reasons stated herein, the Court hereby DENIES Defendant's Motion to Dismiss and GRANTS Plaintiff's Motion for Transfer to the Eastern District of New York pursuant to the authority of 28 U.S.C. § 1406(a).

**SO ORDERED.**