Rene **DOMINGUEZ**, Plaintiff,

v.

The **FINISH LINE, INC.** Defendant.

No. CIV. A–05–CA–322–LY.

United States District Court,
W.D. Texas,
Austin Division.

May 31, 2006.

Carlos R. Soltero, McGinnis Lochridge & Kilgore, Emily Susannah Frost, McGinnis Lockridge & Kilgore, LLP, Austin, TX, for Rene Dominguez, Plaintiff.

Cathleen M. Stryker, McClenahan, Anderson & Stryker, San Antonio, TX, Kenneth J. Yerkes, Barnes & Thornburg, LLP, Stephanie A.H. Blackman, Barnes & Thornburg, LLP, Indianapolis, IN, for The Finish Line, Inc., Defendant.

### *ORDER ON INTERIM REPORT AND RECOMMENDATION*

YEAKEL, District Judge.

Before the Court are Defendant Finish Line Inc.'s Motion to Compel Arbitration and Motion for Stay filed September 8, 2005 (Doc. # 13); Plaintiff Rene Dominguez's Response to Motion to Compel Arbitration filed September 21, 2005 (Doc. # 14); Defendant's Reply in Support of Its Motion to Compel Arbitration filed October 3, 2005 (Doc. # 17); Plaintiff Rene Dominguez's Bench Memo for Hearing on Motion to Compel Arbitration filed December 20, 2005 (Doc. # 23); Defendant's Response to Plaintiff's Bench Memorandum filed January 4, 2006 (Doc. # 26); and Plaintiff Rene Dominguez's Reply to Defendant's Response to Plaintiff's Bench Memorandum filed January 3, 2006 (Doc. # 25). The motions, responses, and reply

were referred to the Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

The United States Magistrate Judge issued his Interim Report and Recommendation on January 26, 2006 (Doc. # 28). The Magistrate Judge recommended that this Court grant The Finish Line Inc.'s ("Finish Line") motion to compel arbitration and motion for stay. The Magistrate Judge further recommended that this Court sever the provision in the Employee Dispute Resolution Plan (the "Plan") allowing Finish Line to unilaterally amend the Plan.

Dominguez filed his objections to the Report and Recommendation on February 9, 2006 (Doc. # 34). Finish Line filed its response to the objections on February 13, 2006 (Doc. # 35), and Dominguez filed his reply on February 24, 2006 (Doc. # 36). In light of Dominguez's objections, the Court has undertaken a *de novo* review of the entire case file in this cause. Reviewing the record, the Court finds that the Magistrate Judge is correct with his recommendation that a valid arbitration agreement exists that requires arbitration of Dominguez's claims asserted in this action. The Court, however, disagrees with the Magistrate Judge's recommendation that the forum-selection clause in the Plan is reasonable as to Dominguez.

Section 8 of the Plan requires that the arbitration shall take place in Indianapolis, Indiana. A forum-selection provision in an arbitration provision is *prima facie* valid and enforceable, unless the opposing party shows that enforcement would be unreasonable. *See Carter v. Countrywide Credit Indus., Inc.,* 362 F.3d 294, 299 (5th Cir.2004). Unreasonableness exists where the party opposing the forum-selection clause clearly shows that: the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; enforcement of the forum-selection clause will, for all practical purposes, deprive him of his day in court, because of the grave inconvenience or unfairness of the selected forum; the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or enforcement of the forum-selection clause would contravene a strong public policy of the forum state. *See Haynsworth v. The Corporation,* 121 F.3d 956, 963 (5th Cir. 1997).[1]

Dominguez contends that the Indiana forum-selection clause is unreasonable as to him and will deprive him of his day in court. To support his position, Dominguez directs the Court to his affidavit, his 2004 "W–2 Wage and Tax Statement" form, and the affidavit of Joe Lea, an attorney with

---

1. To determine whether a forum-selection clause is enforceable, the Fifth Circuit applies the "unreasonable" test articulated in *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 9–11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *See International Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir.1996). Although *Bremen* was an admiralty case, the Fifth Circuit has applied the *Bremen* test in other legal contexts. *See Haynsworth v. The Corporation,* 121 F.3d 956, 970 (5th Cir.1997) (upholding international forum-selection clause in insurance-related business agreement); *International Software,* 77 F.3d at 115–16 (affirming dismissal of action removed to Western District of Texas on diversity jurisdiction grounds, because forum-selection clause in agreements required action to be filed in California). Texas law is in accord with the Fifth Circuit's approach. *See In re AIU Ins. Co.,* 148 S.W.3d 109, 113–14 (Tex. 2004) (enforcement of forum-selection clauses is mandatory, unless enforcement would be unreasonable and unjust, or clause is invalid for fraud or overreaching).

the law firm representing Dominguez in this action. Dominguez avers that he worked as a manager in training at a Finish Line store at the Lakeline Mall, near Austin, Texas, from September 2001 to June 2004. He further avers that all of the witnesses present during the incident allegedly giving rise to his termination worked at this location, and he believes that they all live in the Austin area. Dominguez also avers that he was diagnosed with multiple sclerosis in 1999. His treating doctor, who can attest to the effect of stress on multiple sclerosis, practices medicine in Round Rock, Texas. Dominguez's multiple sclerosis makes it difficult for him to travel, because he uses a walker and "navigating airports is very difficult for me."

Additionally, Dominguez states that he has been unemployed since Finish Line discharged him in June 2004, and he cannot afford to travel to Indiana or to hire local counsel in Indiana. Lea avers that the reasonable arbitration costs of this dispute, exclusive of travel, expert witnesses, and attorneys' fees, would be in the range of $15,000 to $20,000. Dominguez's W–2 form reflects that his 2004 wages were $12,336.18.

■ Based on this evidence of personal and economic hardship, the Court agrees with Dominguez that the Indiana forum-selection clause would, effectively, deprive him of his day in court. Thus, the Court concludes that Dominguez has satisfied his burden of clearly showing that enforcement of the Indiana forum-selection clause is unreasonable as to him.

The Court rejects Finish Line's argument that the Plan's forum-selection clause is similar to the forum-selection clause that the Fifth Circuit found valid in *Carter*. The forum-selection clause in *Carter* required arbitration "to be held within the Federal Judicial District in which Employ-

ee was last employed with the Company." *Carter*, 362 F.3d at 299. Thus, the *Carter* forum-selection clause is vastly different, in both letter and spirit, from the Plan's forum-selection clause requiring arbitration in Indiana of a dispute between Finish Line and Dominguez, who, undisputedly, worked for a Finish Line in Texas.

■ Section 17 of the Plan provides for a severance of any provision found invalid or unenforceable. Because of this severability provision, the Court finds that the Indiana forum-selection clause does not render the otherwise valid arbitration agreement between the parties invalid or unenforceable. Rather, the Court concludes that the Indiana forum-selection clause should be severed from the remainder of the Plan, pursuant to Section 17.

IT IS THEREFORE ORDERED that Plaintiff's objections (Doc. # 34) are **SUSTAINED IN PART AND OVERRULED IN PART**, and the United States Magistrate Judge's Interim Report and Recommendation (Doc. # 28) filed in this cause is hereby **APPROVED** and **ACCEPTED** by the Court to the extent provided herein.

IT IS FURTHER ORDERED that Defendant Finish Line Inc.'s Motion to Compel Arbitration and Motion for Stay (Doc. # 13) is **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER ORDERED that, pursuant to Section 17 of the Employee Dispute Resolution Plan, the provision of Section 8 requiring the arbitration to take place in Indianapolis, Indiana, is declared void and severed from the remainder of the Employee Dispute Resolution Plan.

IT IS FURTHER ORDERED that the parties shall meet and confer for the purpose of agreeing on a site for conducting arbitration and shall submit a joint status report to this Court on or before **June 20,**

2006. In all other respects, this case is **STAYED**.

**IT IS FURTHER ORDERED** that Defendant The Finish Line, Inc.'s Motion for Continuance, or Alternatively, Motion for Stay filed April 19, 2006 (Doc. # 37) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the parties' request for an Amendment to Scheduling Order received March 8, 2006, is **DISMISSED**.

**IT IS FINALLY ORDERED** that all other relief is **DENIED**.