**SOUTHEASTERN CONSULTING GROUP, INC. Plaintiff**

v.

**MAXIMUS, INC. Defendant**

**No. CIV.A. 3:05CV336BN.**

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 7, 2005.

Mike Espy, Mike Espy, PLLC, Jackson, MS, William M. Cunningham, Jr., Burns, Cunningham, Mackey & Fillingim, PC, Mobile, AL, for Southeastern Consulting Group, Inc., Plaintiff.

R. Pepper Crutcher, Jr., Balch & Bingham, LLP, Deborah L. McNeely, Lewis Fisher Henderson Claxton & Mulroy LLP, Heather White Martin, Balch & Bingham, LLP, Jackson, MS, for Maximus, Inc., Defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on three alternative motions by Defendant: a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(3); a Motion to Transfer Venue pursuant to 28 U.S.C. § 1406; and a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404. Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds as follows: Defendant's Rule 12(b)(3) Motion to Dismiss is not well taken and should be denied; Defendant's § 1406 Motion to Transfer Venue is not well taken and should be denied; and Defendant's § 1404 Motion to Transfer is well taken and should be granted.

### I. Factual Background and Procedural History

In 2003, Defendant Maximus, Inc. ("Maximus"), a Virginia corporation, entered into a contract with the Mississippi Department of Education ("DOE") whereby Maximus agreed to provide training and assistance to Mississippi schools for the administration of a Medicaid program.

Subsequently, Maximus entered into a subcontract ("the Subcontract") with Plaintiff Southeastern Consulting Group, Inc. ("SCG"), a Mississippi corporation. Under the Subcontract, SCG would provide certain services to DOE on behalf of Maximus. The Subcontract also contained a forum selection clause that prescribed "the state and U.S. Federal courts for Fairfax County, Virginia" as the proper venue for any legal action arising from the Subcontract.[1]

For reason unknown to the Court, Maximus terminated the Subcontract in March 2004. Thereafter, on April 26, 2005, SCG filed this action against Maximus in the Circuit Court of Hinds County, Mississippi asserting claims related to the termination of the Subcontract. Maximus timely removed the case to this Court on the basis of diversity of citizenship jurisdiction. Maximus now moves the Court to either dismiss the suit or transfer venue to the United States District Court for the Eastern District of Virginia pursuant to the forum selection clause in the Subcontract.

### II. Analysis

Defendant asserts that the forum selection clause in the Subcontract is a mandatory forum selection clause that is valid and enforceable. To be considered mandatory rather than permissive, a forum selection clause must contain clear and unequivocal language that a specific location is the only venue available for legal action. *Bentley v. Mutual Benefits Corp.*, 237 F.Supp.2d 699, 701 (S.D.Miss.2002). Also, a forum selection clause is "prima facia valid and should be enforced unless

---

1. In its entirety, the forum selection clause states, *"Governing Law; Venue.* This Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Virginia, without regard to choice of law principles. The parties agree that the sole venue for legal actions related to this Agreement shall be the state and U.S. Federal courts for Fairfax County, Virginia."

enforcement is shown by the resisting party to be unreasonable under the circumstances." *Seattle–First Nat'l v. Manges,* 900 F.2d 795, 799 (5th Cir.1990). Plaintiff does not dispute the validity, enforceability, or mandatory nature of the instant forum selection clause. Because it is undisputed that the forum selection clause is enforceable, the first issue before the court is whether a Rule 12(b)(3) Motion to Dismiss, a § 1406 Motion to Transfer Venue, or a § 1404 Motion to Transfer Venue is the appropriate procedural basis for enforcing a forum selection clause.

### III.A. Rule 12(b)(3) Motion to Dismiss

■ The Court must decide whether dismissal for *improper venue* pursuant to Rule 12(b)(3) is appropriate where *another federal court* is an agreed venue under an enforceable forum selection clause. This is an issue of first impression in this district, and the Court of Appeals for the Fifth Circuit has not addressed this precise issue.

The decision of the Supreme Court of the United States in *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) provides the Court with initial direction. Based on a forum selection clause that provided for venue in an alternative federal court, the defendant in *Stewart* made a motion to transfer venue pursuant to § 1404 or alternatively, to dismiss under § 1406. *Id.* at 28, 108 S.Ct. 2239. The Supreme Court in *Stewart* remanded the case to the district court, directing the district court to balance the factors under § 1404 in deciding whether to transfer the case. *Id.* at 32, 108 S.Ct. 2239. Although the *Stewart* Court did not expressly hold that a motion to transfer under § 1404 was preferred over a motion to dismiss, the Court in a footnote states, "[t]he parties do not dispute that the Dis-

trict Court properly denied the motion to dismiss the case for improper venue under 28 U.S.C. § 1406(a) because the respondent apparently does business in the Northern District of Alabama" *Id.* at 29 n. 8, 108 S.Ct. 2239 (citing 28 U.S.C. § 1391). It can reasonably be inferred from this proclamation that when a court has power to transfer a case to another federal court, a motion to dismiss for *improper venue* is not appropriate if venue is statutorily proper.

Although as previously mentioned the Fifth Circuit has not addressed whether a motion to dismiss is proper when transfer to an alternative federal court is available, it has held in *International Software v. Amplicon,* 77 F.3d 112, 113–14 (5th. Cir. 1996), that a motion to dismiss is appropriate where a *state court* is the only chosen venue under a forum selection clause. In *Amplicon,* the Fifth Circuit upheld a dismissal of a lower court for improper venue where a state court was the exclusive venue under a forum selection clause. *Id.* at 115. However, the court in *Amplicon* faced a significantly different situation than the one before the Court today. Because a state court was the only alternative forum under the forum selection clause, the court in *Amplicon* had no authority to transfer the case to state court.[2] The *Amplicon* court even opined that it "would prefer to apply the same *Stewart* balancing in diversity cases to motions to dismiss and motions to transfer," but it did not have the option of transfer as the forum selection clause did not include a federal forum. *Id.*

Other districts in the Fifth Circuit have faced this same issue. The vast majority of those courts have likewise construed *Stewart* with *Amplicon* in deciding that a

---

**2.** Under § 1404, a federal court only has authority to transfer a case to another federal court, with no authority to transfer to a state or foreign court.

motion to dismiss for improper venue, either under § 1406 or Rule 12(b)(3), is inappropriate when a motion to transfer venue pursuant to § 1404 is an alternative. *See Brock v. Baskin–Robbins, Inc.* 113 F.Supp.2d 1078, 1084 (E.D.Tex.2000); *Speed v. Omega Protein, Inc.,* 246 F.Supp.2d 668, 671 (S.D.Tex.2003); *Dorsey v. Northern Life Ins. Co.,* No. Civ.A. 04–0324; 2004 WL 2496214, at *9 (E.D.La. Nov. 5, 2004); *but see Vartec Telecom, Inc. v. BCE, Inc.,* No. 3:02–cv–2585–M, 2003 WL 22364302, at *6 (N.D.Tex. Oct. 9, 2003) (applying holding of *Amplicon* to situations where transfer to federal forum is an available alternative). This Court finds the interpretation of the majority of courts in this Circuit compelling and holds that when a federal court is the agreed forum under an enforceable forum selection clause, the proper procedure for enforcing the clause is through a motion to transfer pursuant to § 1404 and not a motion to dismiss for improper venue.

In the instant action, Defendant does not dispute that venue is statutorily proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(a)(2),[3] but instead argues that the forum selection clause renders venue in this district improper. Defendant's argument is not well taken. As one court has stated, "whether a forum-selection clause should be enforced is a matter of contract, not an issue

of proper venue." *Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 535 (6th Cir.2002). The parties' contractual agreement that Virginia should be the proper venue for legal action does not override proper statutory venue in this Court. Accordingly, the Court finds that venue is proper in this action; therefore, Defendant's Motion to Dismiss should be denied.

### III.B. § 1406 Motion to Transfer Venue

■ For the same reasons stated *supra*, Defendant's § 1406 Motion to Transfer Venue is denied. § 1406 allows courts to transfer venue when venue is *improper* in the court where the suit was filed. 28 U.S.C. § 1406. Because venue is statutorily proper in this case, the Court denies Defendant's Motion to Transfer Venue pursuant to § 1406.[4]

### III.C. § 1404 Motion to Transfer Venue

■ The Court must now consider the provisions of 28 U.S.C. § 1404(a). Section 1404(a) states that "[f]or the convenience of the parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party has the burden of proving by a preponderance of the evidence that a transfer is proper in light of the circumstances surrounding the case. *Mizell v. Prism Com-*

3. § 1391(a)(2) states that venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated ...."

4. At first glance the decision of the Fifth Circuit in *Jackson v. West Telemarketing Corp.,* 245 F.3d 518 (5th Cir.2001), could be viewed as authority supporting the proposition that a § 1406 motion to transfer venue is preferable over a § 1404 motion to transfer venue. However, whether § 1406 or § 1404 is the better method of enforcing a forum selection clause was not the issue before the court in

*Jackson. Id.* at 522–23. Rather, the primary issue in *Jackson* was whether the lower court applied the correct choice of law rules. *Id.* Before it could make that determination, the court first had to decide whether the California district court transferred the case to the Texas district court pursuant to § 1404 or § 1406. *Id.* The court in *Jackson* merely decided that the California federal court had transferred the case to Texas pursuant to § 1406. *Id.* The court never decided (nor could it) that the California court had correctly proceeded under § 1406 rather than § 1404.

*puter Corp.*, 27 F.Supp.2d 708, 712–13 (S.D.Miss.1998). "[A] transfer may properly be made only where the court to which transfer is sought would have been a proper venue and would have had personal jurisdiction over all the defendants if it had been the original forum." *Id.*

This Court has previously set forth the factors that must be considered in a § 1404 analysis which include:

(1) the relative ease of access to sources of proof; (2) the availability of compulsory process, where necessary, over witnesses; (3) the cost of obtaining witnesses for attendance at trial; (4) the possibility of a view of the premises, if appropriate; (5) the enforceability of a judgment; (6) administrative difficulties of the court; (7) the local interest of the controversy, and the imposition of jury duty on citizens residing in the community having no relation to the litigation; (8) the propriety of having the action tried in a forum "at home" with the state law governing the case; (9) the plaintiff's choice of forum; (10) the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendant; and (11) "all other practical problems that make the trial of a case easy, expeditious, and inexpensive."

*First Miss. Corp. v. Thunderbird Energy, Inc.*, 876 F.Supp. 840, 845 (S.D.Miss.1995) (quoting *Radio Santa Fe, Inc. v. Sena*, 687 F.Supp. 284, 287 (E.D.Tex.1988)). In addition to the traditional factors, the Court in the instant action must also take into consideration the forum selection clause. The presence of a forum selection clause "[is] a significant factor that figures centrally in [a § 1404] analysis." *Stewart*, 487 U.S. at 29, 108 S.Ct. 2239; *see Thunderbird*, 876 F.Supp. at 846 ("the overriding consideration ... is not the factorial analysis, but the forum selection clause"). A forum se-

lection clause also creates a presumption that both parties' interests are better served in the forum chosen by the parties. *See Elliott* 231 F.Supp.2d at 561.

Plaintiff essentially offers two grounds for why the case should remain in this Court. First, Plaintiff asserts that a greater number of witnesses reside in Mississippi than in Virginia. Typically, the convenience of potential witnesses is the most significant factor. *Apache Products Co. v. Employers Ins. of Wausau*, 154 F.R.D. 650, 653 (S.D.Miss.1994). However, Plaintiff has failed to provide the Court with any concrete evidence that the convenience of witnesses will be better served in Mississippi. Plaintiff's conclusory allegation is not sufficient for this Court to find that this factor militates toward Mississippi as the better forum. Second, because the case involves the State of Mississippi and several of its subdivisions, Plaintiff argues that "Mississippi has a far greater public interest in the outcome of this case than does the State of Virginia ...." The Court agrees with Plaintiff that the local interest factor favors a Mississippi forum, but this factor alone pales in comparison to other factors that favor Virginia as a forum.

The presumption created by the forum selection clause, that the parties' interest are better served in Virginia, likely outweighs the local interest factor without taking into consideration the other traditional factors. But even if this presumption alone were not sufficient to justify a transfer, other § 1404 factors applicable to this case more than tip the balance in favor of transfer. For instance, the forum selection clause also includes a choice of law provision wherein the parties chose Virginia law as the applicable law for all legal actions. Regardless of the venue, Virginia law will apply to this action, thus the governing state law will be "at home" in a Virginia forum. Also, the enforceabili-

ty factor heavily favors Virginia as any judgment obtained by Plaintiff will be easier to enforce in Virginia considering Defendant is a Virginia corporation.

Therefore, in light of the great weight given to the forum selection clause and after considering the traditional § 1404 factors, this Court finds that venue of this case should be transferred to the Eastern District of Virginia.

### IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss pursuant to Miss. R. Civ. P. 12(b)(3) [docket entry no. 6] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1406 [docket entry no. 4] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404 [docket entry no. 4] is well taken and is hereby granted.

IT IS FURTHER ORDERED that this case be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division.