**SEEBERGER ENTERPRISES, INC. et al., Plaintiffs,**

v.

**MIKE THOMPSON RECREATIONAL VEHICLES, INC. et al., Defendants.**

**No. EP–06–CV–115–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Jan. 12, 2007.

Bernard Robert Given, II, Beck & Given, P.C., El Paso, TX, for Plaintiffs.

Andrew B. Krafsur, Jeff H. Ray, Ray, Valdez, McChristian & Jeans, P.C., El Paso, TX, Jay C. Gandhi, Paul, Hastings, Janofsky & Walker, LLP, John B. Stephens, Todd Friedland, Stephens Friedland, LLP, Costa Mesa, CA, for Defendants.

*ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406 AND REQUIRING ADDITIONAL BRIEFING ON DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404*

MARTINEZ, District Judge.

On this day, the Court considered: (1) Defendant Mike Thompson Recreational

Vehicles, Inc.'s ("Defendant") "Motion to Dismiss for Lack of Personal Jurisdiction ['Motion to Dismiss'], or Alternatively, to Transfer Venue ['Motion to Transfer']," filed on April 7, 2006; (2) Plaintiffs Seeberger Enterprises, Inc. ("Seeberger"), RVSP Sales Pro, LLC ("RVSP"), and Pre–Press Express International, Inc.'s ("Pre–Press") (collectively "Plaintiffs") "Opposition to Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Transfer Venue and Brief in Support" ("Opposition"), filed on April 25, 2006; (3) Defendant's "Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Transfer Venue to the Central District of California" ("Reply"), filed on May 1, 2006; (4) Defendant's "Notice of Recent Developments" ("Notice"), filed on June 8, 2006; (5) Plaintiffs' "Supplemental Brief in Support of Opposition to Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Transfer Venue" ("Plaintiffs' Supp. Brief"), filed on July 10, 2006; and (6) Defendant's "Supplemental Brief in Support of Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Transfer Venue to the Central District of California" ("Defendant's Supp. Brief"), filed on July 10, 2006 in the above-captioned cause. In Defendant's Motion to Transfer, Defendant requests that the Court transfer the above-captioned cause to the Central District of California pursuant to 28 U.S.C. §§ 1404 and 1406. Def.'s Mot. to Transfer 1. After due consideration, the Court is of the opinion that Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1406 should be denied and that additional briefing is necessary so that the parties may fully address Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Seeberger, RVSP, and Pre–Press are all businesses based in El Paso, Texas that conduct business out of the home of Mike and Susan Seeberger. Pls.' Opp'n, Aff. of Rick Seeberger ¶ 3. In March 1986, Defendant hired Pre–Press to "provide consulting, advertising, and marketing services." Id. ¶ 4. The instant suit arises out of a dispute between the parties as to Plaintiffs' rights to computer software owned by Defendant, and allegations by Defendant that Plaintiffs have submitted fraudulent invoices. Def.'s Notice of Removal, Pls.' Orig. Pet. ¶¶ 18–20. Plaintiffs filed the present lawsuit on February 21, 2006, requesting declaratory judgment and asserting claims of breach of contract, fraud and misrepresentation, unjust enrichment, tortious interference with existing and prospective contractual relations, suit in quantum meruit, and suit to recover debt against Defendant. Id. ¶¶ 25–44. On November 30, 2006, Plaintiffs filed a First Amended Complaint, naming three additional defendants and asserting additional claims.

On October 18, 2006, the Court denied Defendant's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), but did not rule on Defendant's Motion, in the Alternative, to Transfer to the Central District of California, pursuant to 28 U.S.C. §§ 1404 and 1406. The Court will now consider Defendant's Motion to Transfer Pursuant to 28 U.S.C. §§ 1404 and 1406.

## II. TRANSFER OF VENUE

### A. Motion to Transfer Pursuant to 28 U.S.C. § 1406

Defendant moves the Court to transfer the case pursuant to 28 U.S.C. §§ 1404 and 1406, Def.'s Mot. to Dismiss 1, because of the presence of a forum selection clause in a non-disclosure agreement and because

California is a more convenient forum. Def.'s Memo. of Law 9–10. 28 U.S.C. § 1406 provides for the dismissal or transfer of cases when a case has been filed "laying venue in the wrong division or district." 28 U.S.C. § 1406(a). 28 U.S.C. § 1404(a) allows a district court to transfer to another district or division "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a).

To begin, the Court notes that Defendant does not mention 28 U.S.C. § 1406 in its memorandum of law in support of transferring the action. *See* Def.'s Memo. of Law 9–10. Defendant does not claim that venue is improper pursuant to 28 U.S.C. § 1391, which sets out the appropriate venues in which a civil action may be brought. *See* 28 U.S.C. § 1391; Def.'s Memo. of Law 9–10. Furthermore, the Court finds that venue in the Western District of Texas is permissible under 28 U.S.C. § 1391, as Defendant is properly subject to personal jurisdiction in the Western District of Texas. *See* 28 U.S.C. § 1391(b) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides . . . ."); *id.* § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."); Order Denying Def.'s Mot. to Dismiss 8. Therefore, Defendant's only argument in support of a § 1406 transfer based on improper venue

is that the forum selection clause should be enforced. Def.'s Memo. of Law 9–10.

Assuming, for purposes of the § 1406 analysis only, that the forum selection clause is valid and enforceable, the first question is whether the forum selection clause renders venue improper, or whether it should instead be a factor in a § 1404 analysis. The Fifth Circuit has stated that "*Stewart [Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)] does not mandate that whenever a forum selection clause exists any transfer must fall under § 1404(a)."[1] *Jackson v. W. Telemarketing Corp. Outbound*, 245 F.3d 518, 522 (5th Cir.2001). In the *Jackson* case, however, the Fifth Circuit had to determine whether a California federal district court had transferred a case pursuant to § 1404 or § 1406 in order to resolve a choice-of-law question. *Id.* Because the transferring court had not discussed any of the § 1404 factors in its transfer order, the Fifth Circuit concluded that the transferring court had proceeded pursuant to § 1406. *Id.* at 522–23. The *Jackson* Court's statement, therefore, does not express a preference for proceeding under § 1406, but only that a forum selection clause does not automatically render § 1404 the only permissible transfer vehicle. *See Se. Consulting Group, Inc. v. Maximus, Inc.*, 387 F.Supp.2d 681, 684 n. 4 (S.D.Miss.2005) ("[W]hether § 1406 or § 1404 is the better method of enforcing a forum selection clause was not the issue before the court in *Jackson*.").

The Fifth Circuit, in a different context, has expressed a preference for the "*Stew-*

---

**1.** The question before the *Stewart* Court was whether the standard for enforcement of forum selection clauses in admiralty cases, articulated in *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), was applicable in cases brought pursuant to a court's diversity jurisdiction. *Stewart*, 487 U.S. at 29–30, 108 S.Ct. 2239. The

*Stewart* Court found that "the *Bremen* case may prove 'instructive' in resolving the parties' dispute," *id.* at 28, 108 S.Ct. 2239, but held that 28 U.S.C. § 1404(a) governs motions to transfer when a court is exercising its diversity jurisdiction, *id.* at 29, 108 S.Ct. 2239.

*art* balancing" analysis applied to motions to transfer pursuant to § 1404. *Int'l Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir.1996) ("Although we would prefer to apply the same Stewart balancing in diversity cases to motions to dismiss and motions to transfer, the other federal courts have decided ... to apply Bremen to motions to dismiss based on a forum selection clause."). Because venue in the Western District of Texas is statutorily proper, the Court is of the opinion that Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1406 should be denied, and that the Court should consider the forum selection clause in its application of the Stewart balancing analysis regarding Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404. *See Stewart,* 487 U.S. at 28 n. 8, 108 S.Ct. 2239 (noting in an analysis of the appropriate standard to apply to forum selection clauses that "[t]he parties do not dispute that the District Court properly denied the motion to dismiss the case for improper venue under 28 U.S.C. § 1406(a) because respondent apparently does business in the Northern District of Alabama."); *See Consulting Group, Inc.,* 387 F.Supp.2d at 684 ("The parties' contractual agreement that Virginia should be the proper venue for legal action does not override proper statutory venue in this Court.").

*B. Motion to Transfer Pursuant to 28 U.S.C. § 1404*

While the parties have submitted numerous written arguments, through filings in the above-captioned cause as well as through correspondence to the Court, in support of their positions regarding Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Transfer Venue to the Central District of California, relatively few pages of these briefings are devoted to Defendant's Motion to Transfer Pursuant to 28 U.S.C.

§ 1404. Furthermore, Plaintiffs raise the issue of the validity of the forum selection clause for the first time in their Supplemental Brief, filed on July 10, 2006, to which Defendant has not had an opportunity to respond. The Court is of the opinion that a final set of briefs is necessary so that the parties may fully address the merits of Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404 under the appropriate standard, with the forum selection clause as one of many factors to be considered. In their briefs, the parties should address the factors listed in *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004) (per curiam), as well as any additional arguments that would inform the Court's "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

### III. CONCLUSION

The Court finds that Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1406 should be denied, and that the parties should submit additional briefs addressing the merits of Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404.

Accordingly, **IT IS ORDERED** that Defendant Mike Thompson Recreational Vehicles, Inc.'s "Motion to Transfer Pursuant to 28 U.S.C. § 1406" (Docket No. 12) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Mike Thompson Recreational Vehicles, Inc. provide a supplemental brief to the Court regarding its Motion to Transfer Pursuant to 28 U.S.C. § 1404 **on or before January 19, 2007.** Plaintiffs should file any response to Defendant's supplemental brief **on or before January 26, 2007.** If Defendant wishes to file a reply to Plain-

tiff's responsive brief, it should do so **on or before February 2, 2007.**