PATRICK E. HIGGINBOTHAM, Circuit Judge:
This case turns on the proper procedural treatment of a forum-selection clause. In April 2009, the United States Corps of Engineers contracted with Atlantic Marine Construction (“Atlantic”) for construction of a child development center at Fort Hood, located in the Western District of Texas. In connection with that contract, Atlantic entered into a Subcontract Agreement with J-Crew Management, Inc. (“J-Crew”) for provision of construction labor and materials. This Subcontract Agreement included a forum-selection clause, providing that disputes “shall be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, *738 Norfolk Division.” It contained no choice of law provision.
Ignoring the forum-selection clause, J-Crew filed suit against Atlantic in the Austin Division of the Western District of Texas,[1] alleging that Atlantic failed to pay J-Crew for work performed under the Subcontract Agreement. Atlantic moved to dismiss J-Crew’s suit under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406, arguing that the forum-selection clause obligated J-Crew to bring suit in Virginia. Alternatively, Atlantic moved to transfer the case to the Eastern District of Virginia under 28 U.S.C. § 1404(a).
The district court denied the motion to dismiss or transfer the case. It first concluded that when a forum-selection clause designates a specific federal forum or allows the parties to select the federal courts of a different forum, section 1404(a), not Rule 12(b)(3) and § 1406, is the proper procedural mechanism for its enforcement. Applying § 1404(a), the district court denied Atlantic’s motion to transfer, finding that Atlantic had not met its burden of showing why the interest of justice or the convenience of the parties and their witnesses weighed in favor of transferring the case to Virginia. Atlantic petitions this Court for a writ of mandamus directing the district court to dismiss the case or transfer it to the United States District Court for the Eastern District of Virginia.
I.
Three requirements must be met before a writ of mandamus may issue. First, the petitioner must have no other adequate means of relief.[2] Second, the petitioner’s right to issuance of the writ must be “clear and indisputable.”[3] Third, “the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.”[4]
With respect to the second requirement — that the petitioner’s right to issuance of the writ must be “clear and indisputable” — this Court has made clear that “we are not to issue a writ to correct a mere abuse of discretion, even though such might be reversible on a normal appeal.”[5] Instead, we will only grant mandamus relief when errors “produce a patently erroneous result” and “clearly exceed[] the bounds of judicial discretion.”[6]
Atlantic urges that the district court clearly abused its discretion (1) by considering enforcement of the forum-selection clause under § 1404(a), instead of under Rule 12(b)(3) and § 1406, and (2) by committing errors when conducting its analysis under § 1404(a). Because we find the district court did not clearly abuse its discretion in either respect, we deny Atlantic’s petition.
II.
Atlantic first argues that the district court clearly abused its discretion by using § 1404(a), instead of Rule 12(b)(3) and § 1406, to enforce the contractual forum-selection clause. We begin with a brief explanation of the relevant statutory *739 framework. Section 1391 governs whether venue is proper in a given federal district.[7] Rule 12(b)(3) and § 1406(a) provide for dismissal or transfer of an action that has been brought in an improper venue.[8] By contrast, when the action has been brought in a proper venue, section 1404 provides for transfer of the action within the federal system to another federal venue where the action could have been brought.[9] Thus, the determination of- whether § 1406 or § 1404(a) applies turns on whether venue is proper in the court in which the suit was originally filed. If venue is improper in that court, then § 1406 or Rule 12(b)(3) applies. If venue is proper in that court, then § 1404(a) applies. In turn, the choice between Rule 12(b)(3) and § 1406 on the one hand and § 1404 on the other depends on whether private parties can, through a forum-selection clause, render venue improper in a court in which venue is otherwise proper under § 1391.[10] Federal circuit courts are divided on the issue.[11]
The district court below held that when a forum-selection clause designates a specific federal forum or allows the parties to select the federal courts of a different forum, a motion to transfer under § 1404(a) is the proper procedural mechanism for enforcing the clause. In so doing, the district court followed the approach taken by a majority of district courts in this Circuit[12] and a minority of the federal appellate courts.[13] We agree with that approach.
In reaching the conclusion that enforcement of the forum-selection clause under § 1404(a) was proper, we find the Supreme Court’s opinion in Stewart Organization, Inc. v. Ricoh Corp. instructive.[14] In that case, the plaintiff filed suit in the Northern District of Alabama and the defendant moved to dismiss the case or transfer venue to the Southern District of New York based on a contractual forum-selection clause. The Supreme Court held that when an action is filed in federal court under diversity jurisdiction, federal law, specifically § 1404(a), not state law, governs a motion to transfer to another feder *740 al court pursuant to a forum-selection clause. In doing so, the Stewart Court “implicitly held that a forum selection clause does not render the venue of an otherwise properly venued claim improper” because “Section 1404(a) is the proper procedural tool for transferring a case only when venue is proper in the chosen district; if venue is improper, Section 1406(a) is used to transfer venue.”[15] The Stewart Court explained that a forum-selection clause should receive “the consideration for which Congress provided in § 1404(a).”[16] Thus, Stewart “strongly implies that Congress’ determination of where venue lies cannot be trumped by private contract and that, therefore, a forum selection clause cannot render venue improper in a district if venue is proper in that district under federal law.”[17] This result makes sense “because private parties should not have the power to transcend federal venue statutes that have been duly enacted by Congress and render venue improper in a district where it otherwise would be proper under congressional legislation.”[18] That Atlantic Marine claims to have exactly this power is understandable. Dismissal under Rule 12(b)(3) or transfer under § 1406 would deny district courts both a role in making the transfer and its capture of Texas law. While Atlantic Marine bargained for a choice of forum, it failed to obtain a choice of law provision.
Although Atlantic urges otherwise, our approach is in accord with Fifth Circuit precedent holding that dismissal under Rule 12(b)(3) is the proper approach when a forum-selection clause designates an arbitral, foreign, or state court forum.[19] When a forum-selection clause designates an arbitral, foreign, or state court forum, a district court does not have the option of transferring the case to the designated forum because § 1404(a) and § 1406 only allow for transfer within the federal system. Because dismissal is the only available option for the district court in those cases, dismissal is the proper remedy.[20] By contrast, this Court has implied that dismissal is inappropriate when transfer pursuant to § 1404(a) is available, as is the case when a forum-selection clause designates a federal forum.[21]
Nor is our approach inconsistent with this Court’s decision in Jackson v. West Telemarketing Corp. Outbound.[22] Jackson does not necessarily rest on a finding *741 that a forum-selection clause renders venue improper in any venue other than that designated — a holding we would not quickly attribute to the panel as it cannot be squared with Steivart. Faced with an opaque record, the panel was unable to find footing for concluding more than that venue was improper in the California district court; that conclusion came from the inference that because transfer was under § 1406 and no § 1404 analysis was conducted, venue must have been improper. Why it was improper was of lesser concern and the panel did not say. Because the vitality of venue in California was muddled, we cannot exclude the possibility that venue was improper under § 1391 in the district where originally filed. Reading Jackson in conformity with Stewart we cannot conclude that Jackson determines the outcome in this case.
In short, Stewart did not hold that § 1404 is always the proper approach when the parties have entered into a contractual forum-selection clause. The choice between § 1404 and § 1406 depends on whether venue was statutorily proper under § 1391 in the forum where the action was initially filed. A forum-selection clause is properly enforced via § 1404(a) as long as venue is statutorily proper in the district where suit was originally filed and as long as the forum-selection clause elects an alternative federal forum. When the forum-selection clause designates an arbitral, foreign, or state court forum, the federal district court is without power to transfer and thus must dismiss the case as long as it determines the forum-selection clause is enforceable.
III.
Atlantic next argues that even if the district court correctly chose § 1404(a) as the proper procedural mechanism for enforcing the forum-selection clause, it made several errors in conducting its analysis under § 1404(a) that show a clear abuse of discretion. Specifically, Atlantic alleges that the district court clearly erred (1) by placing the burden of proof under § 1404(a) on Atlantic, the party seeking to enforce the forum-selection clause, to show why transfer to the designated forum should be granted; (2) by considering inconvenience that was foreseeable at the time the parties entered into the Subcontract Agreement; (3) by considering nonexistent difficulties in obtaining depositions from non-party witnesses located in Texas; and (4) by not considering the public interests served by enforcement of the forum-selection clause. After reviewing the record and case law with respect to each of these alleged errors, we cannot find that the district court clearly abused its discretion.
A.
First, Atlantic contends that although the movant seeking to transfer under § 1404(a) generally bears the burden of proving the propriety of transfer, when the parties have entered into a contractual forum-selection clause the party seeking to avoid the contractually-chosen forum bears the burden of proving why the contractual choice should not be honored. Given the fact that this Court has never confronted that issue, we cannot conclude that the district court clearly abused its discretion by placing the burden on the movant. Moreover, no part of the Supreme Court’s decision in Stewart necessarily requires the burden to be placed on the non-moving party. The Supreme Court merely insisted that the forum-selection clause be “a significant factor that figures centrally in the district court’s calculus.”[23] Placing the *742 burden on the moving party still allows the court to give the forum-selection clause “the consideration for which Congress has provided in § 1404” because the district court will consider the forum-selection clause in evaluating both the private and public interest factors.[24] Although transfer under § 1404(a) involves consideration of “the convenience of parties and witnesses” and “the interest of justice,” that does not mean that in the absence of burden shifting the § 1404(a) approach will disfavor forum-selection clauses or allow litigants to easily circumvent their contractually-chosen forum. Instead, by incorporating the forum-selection clause into the private and public factor analysis, it will be difficult for a party to avoid the contractually-chosen forum. In light of the Supreme Court’s language in Stewart and the realities of the § 1404(a) analysis, we are not persuaded that the district court clearly mis-allocated the burden under § 1404(a).
B.
Second, Atlantic argues that the district court gave undue consideration to the foreseeable inconvenience J-Crew would face if the case were transferred to the Eastern District of Virginia. Atlantic urges that because J-Crew entered into a valid forum-selection clause it should have been precluded from arguing that the selected forum is inconvenient if such inconvenience was foreseeable at the time of contracting. Stewart teaches that Congress has by § 1404(a) removed the lateral transfer of cases among federal courts from the control of private contracts. While a contracted-for choice of forum remains a significant factor, it is not controlling. To remove all matters of inconvenience foreseeable when the parties reached their choice of forum agreement from the required weighing by federal district judges cannot be squared with Stewart. The argument is simply a slip past its core holding — institutional concerns cannot be contracted away by private parties. Finally, we add that our consideration of this late-arriving argument as a variation of the arguments made below is generous. Atlantic failed to argue below that the district court should not consider foreseeable inconvenience and Atlantic points to no controlling authority holding foreseeability is a necessary consideration under § 1404(a).[25] Thus, we conclude that the district court did not “clearly and indisputably” err by failing to consider an argument that was not before it and that was not compelled by precedent.
C.
Third, Atlantic argues that the district court clearly erred in considering *743 non-existent difficulties J-Crew would face in obtaining depositions from non-party-witnesses in Texas if the case were transferred to Virginia. Atlantic contends that these alleged difficulties are unfounded because under Rule 45(a)(2)(B) the parties would be able to issue subpoenas to compel witnesses to sit for depositions in Texas.[26] Atlantic’s argument misses the point. The district court below was mainly concerned with J-Crew’s ability to secure witnesses for trial, not for depositions. And the district court’s concerns with respect to J-Crew securing trial testimony were well-founded, notwithstanding Rule 45(a)(2)(B). J-Crew identified seven non-party witnesses that may provide relevant testimony who reside in Texas and any trial subpoenas for witnesses to travel more than 100 miles would be subject to motions to quash under Rule 45(c)(3)(ii).[27] Thus, we are unpersuaded by Atlantic’s argument that the district court clearly erred by considering J-Crew’s ability to secure testimony for trial in Virginia.
D.
Finally, Atlantic argues that the district court clearly erred in not recognizing the strong public interest favoring enforcement of forum-selection clauses. However, Atlantic failed to raise this argument below. In fact, the only argument Atlantic made with respect to the public’s interest in transferring the case to Virginia was that courts in the Eastern District of Virginia resolve cases faster than those in the Western District of Texas, a factor considered and rejected by the district court below. Regardless, the argument here is essentially that because the forum-selection clause did not dictate a different outcome it must not have been weighed properly. The district court was plainly conversant with Stewart. We cannot conclude that the district court “clearly and indisputably erred” by not giving proper weight to the public interest in ways Atlantic did not even raise before the district court.
IV.
The core of Stewart is the directive of Congress that allocation of matters among the federal district courts is not wholly controllable by private contract. Rather the agreement of parties will signify in the district court’s allocating decision, tempering the private agreement’s reflection of private interests with the public interest attentive to the usual metrics of this case law, such as time to trial and convenience of witnesses. The contention that dismissal may be under § 1406 or Rule 12(b)(3) empties Stewart of force and confounds the plain language § 1406. Thus, we DENY Atlantic Marine’s Petition for a Writ of Mandamus.

. The district court had diversity jurisdiction. 28 U.S.C. § 1332.

. In re Volkswagen of Am., Inc., 545 F.3d 304, 311 (5th Cir.2008) (enbanc).

. Id. (quoting Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004)).

. Id. (quoting Cheney, 542 U.S. at 380-81, 124 S.Ct. 2576).

. Id. at 310.

. Id.

. See 28 U.S.C. § 1391.

. Rule 12(b)(3) provides for a motion to dismiss for improper venue. Fed.R.Civ.P. 12(b)(3). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.” 28 U.S.C. § 1406.

. Section 1404(a) provides that "[flor the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.” 28 U.S.C. § 1404(a).

. In this case, venue was proper in the Western District of Texas under § 1391 because the parties entered into and performed the Subcontract Agreement in that judicial, district. See 28 U.S.C. § 1391(b)(2).

. Compare TradeComet.com LLC v. Google, Inc., 647 F.3d 472, 477-78 (2d Cir.2011), and Slater v. Energy Servs. Grp. Int’l Inc., 634 F.3d 1326, 1333 (11th Cir.2011), with Kerobo v. Sw. Clean Fuels Corp., 285 F.3d 531, 535 (6th Cir.2002), and Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995).

. See, e.g., Williamson-Dickie Mfg. Co. v. M/V Heinrich J, 762 F.Supp.2d 1023, 1028 (S.D.Tex.2011); Se. Consulting Grp., Inc. v. Maximus, Inc., 387 F.Supp.2d 681, 684-85 (S.D.Miss.2005); Lafargue v. Union Pac. R.R., 154 F.Supp.2d 1001, 1003-04 (S.D.Tex.2001); Brock v. Baskin-Robbins USA Co., 113 F.Supp.2d 1078, 1082-82 (E.D.Tex.2000).

. See Kerobo, 285 F.3d at 538-39; Jumara, 55 F.3d at 879-79.

. 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

. 14D Charles A. Wright, et al„ Federal Practice and Procedure § 3803.1 (3d ed.).

. Stewart, 487 U.S. at 31, 108 S.Ct. 2239.

. Wright, supra note 13, at § 3803.1 (3d ed.).

. Id. However the concurring opinion reads Stewart, it is plain that its view would render it a dead letter.

. See, e.g., Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898 (5th Cir.2005) (arbitral forum); Mitsui & Co. (USA), Inc. v. Mira M/V, 111 F.3d 33 (5th Cir.1997) (foreign forum); Int’l Software Sys., Inc. v. Amplicon, Inc., 77 F.3d 112 (5th Cir.1996) (state court forum).

. See Amplicon, 77 F.3d at 115.

. Id. at 113-14 ("Although we would prefer to apply the same Stewart balancing in diversity cases to motions to dismiss and motions to transfer, the other federal courts have decided otherwise and continue to apply Bremen to motions to dismiss based on a forum selection clause .... Still other courts have suggested that a motion to dismiss is not an appropriate means of enforcing a forum selection clause, and that instead the motion should be treated as a motion to transfer. However, these cases, unlike our own, did not involve a forum selection clause that limited the agreed venue to a state court.” (internal citations omitted)).

. 245 F.3d 518 (5th Cir.2001).

. Stewart, 487 U.S. at 29, 108 S.Ct. 2239.

. Id. at 31, 108 S.Ct. 2239; see id. at 29-30, 108 S.Ct. 2239 (“A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court’s calculus. In its resolution of the § 1404(a) motion in this case, for example, the District Court will be called on to address such issues as the convenience of a Manhattan forum given the parties’ expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties’ relative bargaining power. The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties’ private expression of their venue preferences.”).

. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the only case Atlantic cites for this proposition, did not employ a § 1404(a) analysis, so even if foreseeability is an appropriate consideration under the Bremen factors, it does not necessarily follow that the same is true in a § 1404(a) analysis.

. Fed.R.Civ.P. 45(a)(2)(B).

. Fed.R.Civ.P. 45(c)(3)(ii); see In re Volkswagen of Am., 545 F.3d at 316.