NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE BROADCOM CORPORATION, QUALCOMM INCORPORATED, AND QUALCOMM ATHEROS, INC.,
*Petitioners.*

---

Miscellaneous Docket No. 141

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 11-CV-0139, Chief Judge Leonard Davis.

---

## ON PETITION

---

Before PROST, MOORE, and O'MALLEY, *Circuit Judges.*

MOORE, *Circuit Judge.*

## O R D E R

Broadcom Corporation, Qualcomm Incorporated, and Qualcomm Atheros, Inc. (petitioners) seek a writ of mandamus ordering the U.S. District Court for the Eastern District of Texas to dismiss this case or, in the alternative, to transfer the case. *See* Mem. Op. and Order, *Azure Networks, LLC v. CSR PLC*, 6:11-CV-00139 (E.D. Tex.

Jun. 25, 2012), ECF No. 197 (*Transfer Order*). Because the petitioners fail to show that the district court committed a clear abuse of discretion, we *deny* the petition.

## BACKGROUND

The central dispute in this case relates to the effect of a choice of forum clause in an agreement. The parent company of a prior owner of the patent-in-suit, U.S. Patent No. 7,756,129, was a member of the Bluetooth® Special Interest Group. The Bluetooth® Special Interest group is an industry group that promulgated the Bluetooth® specification standard, and every defendant in this action, including the petitioners, are members of the group. As members of the group, the petitioners and the parent of the prior owner of the '129 patent executed a License Agreement relating to patent claims necessary to practice the Bluetooth® specification. The License Agreement contains a forum-selection clause, which states that "all disputes arising in any way out of this License shall be heard exclusively in . . . the state and federal courts of New York."

The '129 patent was ultimately assigned to the Tri-County Excelsior Foundation (TCEF), which exclusively licensed the patent to Azure Networks, LLC (Azure). TCEF and Azure filed suit in the Eastern District of Texas against the petitioners and a number of other defendants, alleging infringement of the '129 patent. The petitioners moved to dismiss the case for improper venue under 28 U.S.C. § 1406(a) or, alternatively, to transfer the case to the Southern District of New York. The petitioners moved, in the alternative, to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a) because a number of defendants reside there.

The court denied the petitioners' motion to dismiss or transfer the case to the Southern District of New York. *Transfer Order,* at 4–8. As an initial matter, TCEF and Azure argued before the district court that the License

Agreement did not apply to them and, even if it did, that the asserted claims of the '129 patent fell outside the scope of the Agreement. *Id.* at 6–7. The court did not resolve those disputes, but denied the petitioners' motions "assuming, *arguendo*, that the clause is enforceable and should be given full effect." *Id.* at 6.

The parties also disputed whether the forum-selection clause required the court to proceed under § 1406(a), which applies when venue is improper, or § 1404(a), which applies when venue is proper but inconvenient. The district court held that § 1404(a) governed the transfer analysis because "the majority of the district courts in the Fifth Circuit have found that forum selection clauses are properly enforced under § 1404(a), rather than Federal Rule of Civil Procedure 12(b)(3) or § 1406(a)." *Transfer Order*, at 4 (collecting cases). The court determined that, despite the forum-selection clause, the petitioners failed to show that the Southern District of New York was a clearly more convenient forum for the parties and witnesses. *Id.* at 6–8. The court found that the case "had little connection to New York" and that the petitioners "made little, if any, attempt to show that New York is more convenient, despite their burden to do so." *Id.* at 7–8.

The district court also denied the petitioners' alternative motion to transfer the case to the Northern District of California under § 1404(a). After considering the Fifth Circuit's transfer factors, the court concluded that only the location of the proof possessed by each party weighed in favor of transfer because "the majority of witnesses and documents are located in the Northern District of California." *Transfer Order*, at 12. The court held, however, that this factor only slightly supported transfer because "significant sources of proof" were located in or closer to the Eastern District of Texas. *Id.* The court found that the other factors either weighed against transfer or were neutral because of the number of parties and witnesses

located in or near the Eastern District Texas and the "widespread and de-centralized distribution" of a number of non-party witnesses. *Id.* at 12–16.

The petitioners challenge the district court's order and seek a writ of mandamus ordering the court to transfer the case to the Southern District of New York or the Northern District of California. We have the power to issue such a writ under the All Writs Acts, 28 U.S.C. § 1651(a).[1]

## DISCUSSION

The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). Because this petition does not involve substantive issues of patent law, we apply the law of the regional circuit in which the district court sits, here the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

## I.

The petitioners argue that the district court clearly abused its discretion by considering the forum-selection clause as part of a § 1404(a) analysis rather than ordering transfer or dismissal under § 1406(a). They argue that the Fifth Circuit held in *International Software Systems, Inc. v. Amplicon, Inc.* that a forum-selection clause is enforceable under §1406(a) and governs unless the resist-

---

[1]   After the petition was briefed, the district court dismissed TCEF for lack of standing to sue for infringement of the '129 patent.

ing party shows that enforcement of the clause would be unreasonable under the circumstances. *See* 77 F.3d 112, 114–15 (5th Cir. 1996). Thus, the petitioners argue that the district court erred in analyzing the forum-selection clause under § 1404(a) and placing the burden on them to demonstrate that transfer was warranted.

Based on the legal landscape at the time of the petition, we would have been inclined to agree with the petitioners. However, shortly after the petition was filed, the Fifth Circuit expressly held that "when a forum-selection clause designates a specific federal forum," a motion to transfer under § 1404(a) "is the proper procedural mechanism for enforcing the clause." *In re Atl. Marine Constr. Co.*, 701 F.3d 736, 739 (5th Cir. 2012), *cert. granted*, --- S. Ct. ---, 2013 WL 1285318 (Apr. 1, 2013). In addition, the Fifth Circuit held that a district court may place the burden on the moving party—not the resisting party—to demonstrate that transfer to the contracted forum is warranted. *Id.* at 741–42.

The petitioners argue that *Atlantic Marine* and *Amplicon* conflict and that *Amplicon* thus governs under the prior-panel rule. We disagree. *Atlantic Marine* distinguished *Amplicon* on the basis that *Amplicon* involved a forum-selection clause that exclusively designated a state court forum, while the forum-selection clause at issue in *Atlantic Marine* designated a federal forum. 701 F.3d at 741. *Atlantic Marine* explained that, when a forum-selection clause exclusively designates a state court forum, § 1406(a) is the mechanism to enforce the clause because a federal district court is "without power to transfer." 701 F.3d at 741. By contrast, the court held that § 1404(a) applies when a forum-selection clause designates an alternate federal forum. *Id.* at 739–41. We are bound to apply Fifth Circuit precedent to this case. Therefore, we conclude, consistent with *Atlantic Marine*, that the district court did not abuse its discretion by

analyzing the forum-selection clause under § 1404(a) rather than § 1406(a).

*Atlantic Marine* recognizes, however, that its holding comports with only "a minority of the federal appellate courts." 701 F.3d at 739. The majority of the courts of appeals "give effect to a forum-selection clause through a motion to dismiss filed pursuant to Rule 12(b)(3) and § 1406." *Id.* at 746–47 (Haynes, J., specially concurring) (collecting cases). The Fifth Circuit, however, does not. We note that the Supreme Court recently granted certiorari in *Atlantic Marine*. 2013 WL 1285318, at *1. While the Supreme Court may overrule *Atlantic Marine* and endorse the majority rule, we are bound by Fifth Circuit law as it presently exists.

## II.

The petitioners argue that, under a § 1404(a) analysis, the district court committed a clear abuse of discretion when it declined to transfer the case to the Southern District of New York. They assert that the district court erred by giving any weight to TCEF and its witnesses because TCEF was allegedly created to secure venue in the Eastern District of Texas. They further contend that the district court should have found that the forum-selection clause was controlling and that it mandated transfer to the Southern District of New York.

Azure and TCEF argue that the district court properly weighed the § 1404(a) factors to conclude that the Southern District of New York is not clearly more convenient than the Eastern District of Texas. They contend that the court correctly determined that none of the parties has any connection to New York. They point out that the petitioners argue that the case's "center of gravity" is in California. Lastly, Azure and TCEF argue that they have meaningful connections to the Eastern District of Texas because TCEF's benefits from the '129 patent flow to a well-established Eastern District-based charity.

We conclude that the petitioners are not entitled to a writ of mandamus ordering transfer to the Southern District of New York. A forum-selection clause "should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). The Fifth Circuit has held that, in the context of a § 1404(a) motion, the district court may place the burden on the movant to demonstrate that the contractually-chosen forum is clearly more convenient than the plaintiff's chosen forum. *Atl. Marine*, 701 F.3d at 741–42.

The district court was within its discretion to conclude that the petitioners failed to meet their burden to show that the Southern District of New York is a clearly more convenient forum. The court found that "none of the parties" was located in New York and that the parties had not identified "any relevant documents or witnesses located in New York." *Transfer Order*, at 7–8. Indeed, three of the nine defendants—who are also parties to the License Agreement—did not join in the motion to transfer to the Southern District of New York. *Id.* at 8. Given the complete lack of connection to New York, the district court did not commit a clear abuse of discretion when it denied the petitioners' motion to transfer—a contrary holding would have given the forum-selection clause dispositive weight.

## III.

Lastly, the petitioners argue that the district court committed a clear abuse of its discretion when it declined to transfer this case to the Northern District of California under § 1404(a). They contend that this case's "center of gravity" is in California because five defendants are located there, three of whom are located in the Northern District. They contend that, because of the forum-selection clause, the district court should have disregard-

ed Azure's and TCEF's location in the Eastern District of Texas. They assert that the Northern District of California also has a strong public interest in the case because the action calls into question the work and reputation of employees that work in that district.

Azure and TCEF respond that the Northern District of California is not clearly more convenient than the Eastern District of Texas. They again argue that TCEF has a legitimate connection to the Eastern District because the purpose of TCEF is to support a local charity. They contend that the case's "center of gravity" is not in the Northern District of California because: (1) the '129 patent was prosecuted from the Eastern District of Texas; (2) defendant Texas Instruments is located in Texas, near the Eastern District; and (3) a number of third party witnesses reside in the Eastern District of Texas or closer to it than the Northern District of California.

The issuance of a writ of mandamus is appropriate to correct a decision "so patently erroneous as to amount to a clear abuse of discretion." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (*en banc*)). We cannot say that the district court so erred here, even assuming that the forum-selection clause applies.[2] The district court found that, although a number of defendants reside in or near the Northern District of California, a number of party and non-party witnesses reside in the Eastern District of Texas or closer to it than the Northern

---

[2]    We note that Azure and TCEF argued below that the forum selection clause was not relevant to this dispute because the License Agreement does not apply to them or this patent infringement case. It is unnecessary for us to reach this issue because even with the benefit of the forum-selection clause the petitioners have failed to meet their burden.

IN RE BROADCOM CORP                                                    9

District of California. *Transfer Order*, at 12–16. In addition, the court found that a number of defendants do not reside in California and defendant Texas Instruments is located in Texas and stores its documents in the Eastern District. *Id.* at 10. The petitioners do not contest these factual findings. Moreover, the petitioners have asserted an unclean hands defense associated with the transfer of interests in the '129 patent from Azure to TCEF and back to Azure. That defense is based upon acts allegedly committed by Eastern District of Texas residents in that district, implicating witnesses and evidence located in that district. In light of these facts, we cannot say that the district court committed a clear abuse of discretion when it declined to transfer the case to the Northern District of California.

## CONCLUSION

For the reasons stated above, the petitioners have failed to demonstrate that a writ of mandamus should issue.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.


FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk


s26